*In re* RENÉ NEGRÓN NEGRÓN, querellado.

*Número:* AB-98-131          *Resuelto:* 30 de octubre de 1998

*María de Lourdes Rodríguez, Oficial Investigadora de la Comisión de Ética del Colegio de Abogados.*

PER CURIAM: La Sra. Margarita Oliveras Rodríguez presentó una queja bajo juramento sobre conducta profesional contra el Lcdo. René Negrón Negrón ante el Colegio de Abogados de Puerto Rico. La Comisión de Ética Profesional del Colegio de Abogados le envió una copia de ésta al abogado, en la cual le concedió un término para que respondiera.

Ante la inacción del abogado, la Comisión de Ética Profesional le envió varios recordatorios, pero sus gestiones para la investigación correspondiente resultaron infructuosas.

El Colegio de Abogados de Puerto Rico solicitó nuestra intervención, y el 28 de agosto de 1998 emitimos una reso-

lución para conceder un término al licenciado Negrón Negrón para que contestara los requerimientos del Colegio de Abogados. Le ordenamos, además, que expusiera las razones por las cuales no debía ser sancionado por la conducta a la cual hacía referencia la moción del Colegio de Abogados. En dicha resolución le apercibimos de que el incumplimiento con nuestra orden podría conllevar sanciones disciplinarias en su contra.

El término concedido venció hace más de un (1) mes y el licenciado Negrón Negrón no ha comparecido ante el Colegio de Abogados de Puerto Rico ni ha solicitado prórroga. A esta fecha, tampoco ha explicado las razones por su falta de cumplimiento con los requerimientos del Colegio de Abogados y con el de este Tribunal.

■ En *In re Guemárez Santiago I*, 146 D.P.R. 27, 29 (1998), reiteramos, citando a *In re Melecio Morales*, 144 D.P.R. 824, 826 (1998),

> "... que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, en particular cuando se trate de una queja presentada en su contra que está siendo investigada, independientemente de sus méritos. Después de todo, es su deber responder con diligencia. *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991); *In re Colón Torres*, 129 D.P.R. 490 (1991).
> De igual forma, hemos sido enérgicos al señalar que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Nicot Santana*, 129 D.P.R. 717 (1992). La indiferencia de un abogado en responder a las órdenes del Tribunal Supremo en la esfera disciplinaria acarrea severas sanciones. *In re Sepúlveda Negroni*, 142 D.P.R. 572 (1996); *In re Rivera Rivera*, 141 D.P.R. Ap. (1996)."

■ Reiteradamente hemos señalado que " '[l]adesatención de los abogados a comunicaciones relacionadas con investigaciones disciplinarias tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que

cuando se desatiende una orden emitida directamente por este Tribunal' ". *In re Guemárez Santiago I*, supra, pág. 29, citando a *In re Ríos Acosta*, 143 D.P.R. 128, 135 (1997). La desatención y el craso incumplimiento del licenciado Negrón Negrón con la orden de este Tribunal y con los requerimientos del Colegio de Abogados de Puerto Rico denotan una conducta que acarrea el ejercicio de nuestra facultad disciplinaria.

Por las razones antes expuestas y por haber hecho caso omiso a nuestra Resolución de 28 de agosto de 1998, *se dictará sentencia para suspender indefinidamente al licenciado Negrón Negrón del ejercicio de la abogacía. Se ordenará al Alguacil de este Tribunal que proceda a incautarse de la obra notarial del licenciado Negrón Negrón y que esta opinión "per curiam" y sentencia le sea notificada personalmente a éste por la Oficina del Alguacil de este Tribunal.*