*In re* NELSA RODRÍGUEZ SERVERA.

*Número:* 4655          *Resuelto:* 10 de noviembre de 1999

*Carlos Lugo Fiol, Procurador General*, y *Cynthia Iglesias Quiñones, Procuradora General Auxiliar*, abogados del Pueblo de Puerto Rico.

PER CURIAM: El 17 de julio de 1997 la Lcda. Ada González Vega remitió al Hon. Manuel J. Vera Vera, Juez Administrador del Centro Judicial de Mayagüez, una Moción Informativa en relación con la condición de salud de la Lcda. Nelsa Rodríguez Servera. En dicha moción, la licenciada González Vega expresó que la salud mental y física de la licenciada Rodríguez Servera no le permitía abandonar su lecho de enferma, por lo que no estaba en condición de atender a sus clientes o comparecer a las vistas de los casos señalados. El Hon. Manuel J. Vera Vera cursó la aludida moción a este Tribunal para que se tomaran las acciones pertinentes. Por ello, emitimos una resolución mediante la cual remitimos el asunto al Procurador General para que efectuara la investigación correspondiente.

Ante la resolución de este Tribunal, la Oficina del Procurador General le envió una carta a la licenciada Rodríguez Servera con copia de la Moción Informativa y de la carta suscrita por el Hon. Manuel J. Vera Vera. Sin embargo, la misma fue devuelta por el correo porque la licenciada Rodríguez Servera no la reclamó. Ante los infructuosos intentos para comunicarse por correo certificado con la abogada, la Procuradora General Auxiliar, Lcda. Cynthia Iglesias Quiñones, le visitó personalmente en su residencia. La licenciada Rodríguez Servera no se encontraba confinada en cama y contestó satisfactoriamente todas las preguntas de la señora Procuradora. Le indicó a dicha funcionaria que se estaba recuperando de una caída por la cual estuvo diez (10) días recluida en un hospital. Aceptó que padecía de una depresión y que, por ello, no estaba atendiendo casos. La Procuradora General Auxiliar le solicitó que se expresara por escrito y que presentara una certificación actualizada de su condición de salud mental y física. Sin embargo, nada hizo la licenciada Rodríguez Servera en cuanto a dicha solicitud.

Debido a la inacción de la abogada, la Procuradora General Auxiliar visitó nuevamente la residencia de la licen-

ciada Rodríguez Servera y ésta le informó que estaba ejerciendo la profesión con oficina en su casa. Posteriormente, dicha funcionaria le envió tres (3) cartas, sin que éstas fueran devueltas, mediante las cuales concedió un término a la licenciada Rodríguez Servera para que se expresara por escrito en torno a la Moción Informativa suscrita por la licenciada González Vega y en cuanto a su condición de salud. No se obtuvo respuesta alguna de la licenciada Rodríguez Servera a ninguna de dichas cartas.

El Procurador General solicitó nuestra intervención, y el 28 de mayo de 1999 emitimos una resolución en la cual le concedimos un término a la licenciada Rodríguez Servera para que contestara los requerimientos del Procurador General y reaccionara al informe presentado por él. Asimismo, le apercibimos que el incumplimiento con nuestra orden podría conllevar sanciones disciplinarias en su contra. Dicha resolución fue notificada personalmente a la abogada.

El término concedido a la licenciada Rodríguez Servera venció hace más de tres (3) meses y ésta no ha comparecido ante el Procurador General, y no ha solicitado prórroga. Ante estos hechos, el ejercicio de nuestra función disciplinaria resulta inevitable.

▮ Reiteradamente hemos expresado que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal. *In re Negrón Negrón*, 146 D.P.R. 928 (1998); *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998). Después de todo, es su deber responder con diligencia. *In re Negrón Negrón*, supra; *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Colón Torres*, 129 D.P.R. 490 (1991).

▮ De igual forma, hemos sido enérgicos al señalar que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Nicot Santana*, 130 D.P.R. 210 (1992). La indiferencia de un abogado en responder a las

órdenes del Tribunal Supremo en la esfera disciplinaria acarrea severas sanciones. *In re Sepúlveda Negroni*, 141 D.P.R. Ap. (1996); *In re Melecio Morales*, 144 D.P.R. 824 (1998).

Igual conclusión se impone cuando los abogados demuestran indiferencia desmedida hacia las comunicaciones del Procurador General relacionadas con investigaciones disciplinarias. *In re Negrón Negrón*, supra; *In re Madera Acosta*, 144 D.P.R. 743 (1998). La desatención y el craso incumplimiento de la licenciada Rodríguez Servera con la orden de este Tribunal y con los requerimientos del Procurador General revela un alto grado de indiferencia por parte de la misma hacia las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros. Ello acarrea el ejercicio de nuestra facultad disciplinaria.

Por las razones antes expuestas, *se dictará sentencia mediante la cual se suspende indefinidamente a la licenciada Rodríguez Servera del ejercicio de la abogacía.*