*In re* HERNÁN CINTRÓN CRUZ, querellado.

*Número:* AB-2000-162          *Resuelto:* 31 de octubre de 2001

*Roberto J. Sánchez Ramos, Procurador General, Vanessa Lugo Flores, Subprocuradora General, y María A. Hernández Martín, Procuradora General Auxiliar; Ángel N. Candelario Cáliz*, Oficial Investigador de la Comisión de Ética del Colegio de Abogados de Puerto Rico; *Hernán Cintrón Cruz, pro se.*

PER CURIAM: El 9 de noviembre de 2000, la Sra. Eugenia Rodríguez Berríos presentó una querella ante este Tribu-

nal en la cual alegó que el Lcdo. Hernán Cintrón Cruz, después de haberle formulado ante el Tribunal de Primera Instancia una declaratoria de herederos, se comprometió a otorgar ciertas escrituras a favor de la señora Rodríguez Berríos. Según su queja, ella no ha sabido más de él ni de las escrituras, a pesar de haber pagado los honorarios pactados.

Conforme la Regla 14(c) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI–A, el 8 de diciembre de 2000, la Secretaria de este Tribunal notificó al licenciado Cintrón Cruz de la queja presentada en su contra. Le requirió que compareciera dentro del término de diez (10) días con comentarios escritos sobre la queja y que se los notificara a la señora Rodríguez Berríos dentro de ese término. El mencionado abogado hizo caso omiso del requerimiento.

Conforme al trámite reglamentario, la Secretaria refirió el asunto a la Oficina del Procurador General para la investigación e informe correspondientes. Regla 14(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI–A.

Mediante carta enviada el 17 de enero de 2001, y facsímil enviado el 2 de febrero de 2001, el Procurador General solicitó al licenciado Cintrón Cruz que compareciera por escrito ante su oficina para poder rendir su informe de acuerdo con las disposiciones de la Regla 14(d) del Reglamento del Tribunal Supremo, *supra*. Para el 9 de febrero de 2001, un día después de vencido el término de los treinta (30) días dispuesto en la citada Regla 14(d), el Procurador General presentó ante nos una moción informativa para solicitar de esta Curia que ordenara la comparecencia del querellado ante dicho funcionario para poder rendir el mencionado informe.

El 22 de febrero de 2001 se le notificó al querellado nuestra Resolución de 21 de febrero de 2001, mediante correo certificado con acuse de recibo. En la misma concedimos al licenciado Cintrón Cruz un término de diez (10) días a partir de su notificación para responder por escrito a

los requerimientos del Procurador General y certificar simultáneamente su comparecencia ante este Tribunal.

El 22 de febrero de 2001 el Procurador General presentó una nueva moción informativa en la cual señaló no haberse podido comunicar con el licenciado Cintrón Cruz. Informó que la comunicación que le enviaron por correo certificado con acuse de recibo fue devuelta luego de dos (2) intentos de entrega por el correo, a pesar de que la dirección que aparece en su expediente es la misma que las direcciones disponibles en los expedientes del abogado en la Secretaría de este Tribunal y en el Colegio de Abogados. Por tal razón, según surge del expediente, el 7 de marzo de 2001 a la 1:35 de la tarde se le entregó personalmente en dicha dirección una copia de nuestra Resolución de 21 de febrero de 2001 al licenciado Cintrón Cruz.

Posteriormente, el 24 de marzo de 2001, el licenciado presentó una moción titulada Contestación al Escrito del Procurador General. Sin embargo, esta moción se refería a la representación legal ofrecida, en otro asunto, a la señora Margarita Rosario Galarza, persona que no es la parte querellante en este caso. Al percatarse del error, el licenciado Cintrón Cruz presentó una nueva moción en la cual aceptó la comisión del error y solicita que se "acepte la información sometida y disculpe al abogado que suscribe, permitiéndole que presente la contestación a la queja que presentó la Sra. Eugenia Rodríguez Berríos".

Cinco (5) días después, el licenciado querellado presentó un escrito titulado Contestación a la Queja sometida por Doña Eugenia Rodríguez Berríos, en cual alegó que asumió la representación legal de la señora Rodríguez Berríos para tramitar la Declaratoria de Herederos de su esposo, Don Pedro Martínez Gracia. El causante falleció intestado, con una hermana sobreviviente y dieciocho (18) sobrinos. El 25 de agosto de 1997 el Tribunal de Primera Instancia, Sala Superior de Bayamón, emitió una Resolución en la

cual declaró herederos a su hermana sobreviviente, a los dieciocho (18) sobrinos y a los hijos de un sobrino fallecido. El abogado querellado solicitó del Tribunal de Primera Instancia una enmienda a la declaratoria de herederos por no proceder en derecho el declarar herederos a los hijos de un sobrino del causante. No fue hasta el 23 de noviembre de 1999 cuando el foro de primera instancia emitió una resolución enmendada luego de una vista al efecto. Una vez obtenida la declaratoria de herederos, el licenciado Cintrón Cruz negoció con todos los herederos la cesión de la participación hereditaria de cada uno de ellos a favor de la señora Rodríguez Berríos. Solicitó, además, las respectivas planillas del caudal relicto y de la donación. Según el abogado querellado, para la fecha de la contestación sólo restaba presentar en el Registro de la Propiedad la instancia y las correspondientes escrituras de cesión. En fin, el licenciado Cintrón Cruz se comprometió a presentar para su inscripción todos los documentos necesarios en o antes del 15 de abril de 2001, y de mantener a este Tribunal informado de sus gestiones.

En vista de tal contestación, el 11 de abril de 2001 emitimos una resolución en la que le ordenamos al Procurador General a presentar el correspondiente informe dentro de un término de diez (10) días. Éste compareció mediante moción informativa en la cual informó no poder rendir el informe dentro del mencionado término, ya que no pudo comunicarse con el querellado después de haber llamado al número de teléfono que surge de la contestación que éste presentó y haber dejado dos (2) mensajes en la máquina grabadora en los cuales se explicaba el propósito de verificar el cumplimiento de la obligación de presentar al Registro de la Propiedad la instancia y las escrituras correspondientes en o antes del 15 de abril de 2001. Por lo tanto, solicitó de este Tribunal que ordenara al querellado evi-

denciar el cumplimiento de su obligación hacia la querellante, doña Eugenia Rodríguez Berríos.

El 8 de mayo de este año, mediante Resolución notificada el 8 de mayo, ordenamos al Lcdo. Hernán Cintrón Cruz a expresarse, dentro del término de veinte (20) días, sobre la moción informativa presentada por el Procurador General. El querellado no compareció. En virtud de tal incumplimiento, mediante una segunda resolución dictada el 28 de junio de 2001, concedimos al abogado querellado un término adicional de diez (10) días para cumplir con nuestra resolución anterior. En ella apercibimos al Lcdo. Hernán Cintrón Cruz que el incumplimiento con lo allí dispuesto podría acarrear sanciones disciplinarias. Hasta el día de hoy, el abogado querellado ha hecho caso omiso de estas últimas dos (2) resoluciones. Ante estos hechos, el ejercicio de nuestra función disciplinaria resulta inevitable.

En este momento reiteramos la consabida norma de que "los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, en particular cuando se trate de una queja presentada en su contra que está siendo investigada, independientemente de sus méritos. Después de todo, es su deber responder con diligencia". *In re Melecio Morales*, 144 D.P.R. 824, 826 (1998). Véase *In re Pérez Benabe*, 133 D.P.R. 361 (1993). Véanse, además: *In re Figueroa Carrasquillo*, 153 D.P.R. 132 (2001); *In re Rodríguez Servera*, 149 D.P.R. 730 (1999); *In re López López*, 149 D.P.R. 82 (1999).

De igual forma, hemos sido enérgicos al señalar que no toleraremos la incomprensible negativa de un miembro de nuestro foro en cumplir con las órdenes de este Tribunal. *La falta de justificación o indiferencia de un abogado en responder a nuestras órdenes en la esfera disciplinaria, acarrea severas sanciones. In re Figueroa Carrasquillo*, supra; *In re Rodríguez Servera*, supra; *In re Melecio Morales*, supra; *In re Pérez Benabe*, supra; *In re Nicot San-*

*tana*, 129 D.P.R. 717 (1992). Igual conclusión se impone cuando los abogados demuestran indiferencia desmedida hacia las comunicaciones del Procurador General relacionadas con investigaciones disciplinarias. *In re Rodríguez Servera*, supra.

La conducta del Lcdo. Hernán Cintrón Cruz respecto a las dos (2) órdenes de este Tribunal y con los requerimientos del Procurador General, revela una total indiferencia que raya en la contumaz desobediencia a nuestra autoridad, incumpliendo de tal modo las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros. Ello acarrea el ejercicio de nuestra facultad disciplinaria. Por ello, se suspenderá indefinidamente al Lcdo. Hernán Cintrón Cruz del ejercicio de la abogacía.

El Lcdo. Hernán Cintrón Cruz deberá notificar a todos sus clientes su presente inhabilidad de seguir representándolos y devolver los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, deberá informar oportunamente su suspensión a los foros judiciales y administrativos donde tenga algún caso pendiente. Por último, dentro del término de treinta (30) días, deberá certificar ante este Tribunal el cumplimiento de estos deberes y notificar también al Procurador General.

El Alguacil de este Tribunal se incautará inmediatamente de su obra y sello notarial para el trámite correspondiente de la Directora de la Oficina de Inspección de Notarías.

*Se dictará sentencia de conformidad.*