— O —

*In re* María M. Sanabria Ortiz, querellada.

*Número:* AB-2001-19 *Resuelto:* 13 de diciembre de 2001

*Roberto J. Sánchez Ramos, procurador general.*

PER CURIAM:

## I

El 17 de octubre de 2001 la Sra. Providencia Sánchez Rivera (en adelante la quejosa) presentó una queja ante el Procurador General (en adelante el Procurador) en contra de María M. Sanabria Ortiz (en adelante la querellada). Arguye la quejosa que contrató los servicios profesionales de la querellada para que presentara una acción judicial sobre un pagaré extraviado. Además, alegó que luego de haberle adelantado la cantidad de $400, ha intentado localizarla en varias ocasiones sin éxito alguno.

Mediante misiva de 19 de octubre de 2000, remitida a la dirección de la querellada en la Urbanización Encantada en Trujillo Alto, el Procurador notificó a ésta respecto a la queja presentada y expuso las alegaciones en su contra. Además, le concedió un término de diez días para que reaccionara a las alegaciones en su contra y ofreciera su versión de los hechos. La notificación fue devuelta por el Servicio de Correos por no haber sido reclamada por la destinataria.

El 18 de diciembre de 2000, el Procurador remitió a la querellada una segunda notificación, específicamente a los Apartamentos Montecillo de la Urbanización Encantada. Nuevamente, el sobre fue devuelto por no haber sido reclamado.

Ante los fallidos intentos para notificar a la querellada de la queja en su contra, el 17 de enero de 2001 el Procurador le remitió dos comunicaciones adicionales. Esta vez,

las comunicaciones fueron remitidas a direcciones de la querellada en la Calle Hatillo en San Juan y a la Calle Caney de la Urbanización Caguax en Trujillo Alto.[1] Sin embargo, las gestiones realizadas por el Procurador resultaron infructuosas.

Así las cosas, mediante Informe de 2 de febrero de 2001, el Procurador nos expresó lo anteriormente expuesto, así como sus gestiones fallidas para comunicarse con la querellada. Además, solicitó que le ordenáramos a la querellada que cumpliera con sus requerimientos. Mediante Resolución de 21 de febrero de 2001, accedimos a lo solicitado y le concedimos a la querellada un término de quince días para responder a los requerimientos del Procurador. Le apercibimos que el incumplimiento con dicha Resolución podría conllevar sanciones disciplinarias severas. Además, ordenamos la notificación personal de la Resolución a la querellada.

Conforme a lo ordenado, el 1ro de marzo de 2001 el Alguacil Auxiliar de este Tribunal notificó personalmente a la querellada. Asimismo, la Secretaria de este Tribunal le notificó copia de la Resolución emitida mediante correo certificado a la Calle Caney de la Urbanización Caguax en Trujillo Alto. Dicha comunicación fue devuelta por no haber sido reclamada.

Mediante Moción de 27 de agosto de 2001 comparece nuevamente el Procurador e informa que la querellada ha incumplido con la orden emitida por este Tribunal. Nos solicita que impongamos a la querellada las medidas disciplinarias correspondientes.

## II

 Una vez más debemos expresarnos respecto al deber de todo abogado de notificar cualquier cambio de dirección a este Tribunal. "Todo(a) abogado(a) tendrá la obli-

---

[1] Cabe indicar que esta es la única dirección que obra en el expediente personal de la querellada en este Tribunal.

gación de notificar al (a la) Secretario(a) cualquier cambio de dirección postal o física." Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI–A.(2) La naturaleza de la profesión de la abogacía y la confianza pública depositada en aquellos que la ejercen, requieren que los abogados y las abogadas cumplan con el deber mínimo de informar cualquier cambio de dirección para que así podamos desempeñar eficientemente nuestra obligación de velar por que los abogados cumplan fielmente con sus compromisos profesionales. *In re Figueroa Carrasquillo*, 153 D.P.R. 132 (2001). Hemos expresado que la omisión del abogado de mantener informado al Tribunal respecto a su dirección obstaculiza sustancialmente una adecuada canalización del ejercicio de nuestra jurisdicción disciplinaria en casos de quejas presentadas por los ciudadanos. Íd.(3) "El incumplimiento de esta obligación de notificar un cambio de dirección es suficiente para decretar la separación indefinida de la abogacía." Íd.

Luego de evaluar el expediente de la querellada surge que ésta ha cambiado de dirección y no ha cumplido con su deber de informar dicho cambio a la Secretaría de este Tribunal. Es deber ineludible de la querellada informar al Secretario o Secretaria de este Tribunal las direcciones físicas y postales de su residencia y estudio legal. El incumplir con dicho requerimiento demuestra desidia e indiferencia en el ejercicio de la profesión. La conducta desplegada por la querellada es suficiente para separarla indefinidamente de la abogacía.

## III

En innumerables ocasiones hemos señalado que resulta intolerable la incomprensible y obstinada ne-

---

(2) Véanse: *In re Figueroa Carrasquillo*, 153 D.P.R. 132 (2001); *In re Ballester Morales et al.*, 147 D.P.R. Ap. (1999).

(3) Véase, además, *In re Rivera D'Ambrosse*, 142 D.P.R. Ap. (1997).

gativa de un miembro de la profesión togada de cumplir con las órdenes y requerimientos, tanto de este Tribunal como de la Oficina del Procurador General. *In re Lassalle Pérez*, 153 D.P.R. 374 (2001); *In re Rodríguez Servera*, 149 D.P.R. 730 (1999). La indiferencia de un abogado en responder tanto a las órdenes de este Tribunal como a los requerimientos de la Oficina del Procurador General acarrea severas sanciones disciplinarias. Íd. Además, hemos recalcado que es obligación de todo abogado cooperar en la investigación y tramitación de asuntos disciplinarios en su contra y que su desatención puede resultar en severas sanciones. *In re Rodríguez Servera*, supra; *In re Negrón Negrón*, 146 D.P.R. 928 (1998); *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998); *In re Pérez Rodríguez*, 115 D.P.R. 810 (1984); *In re Díaz García*, 104 D.P.R. 171 (1975).

> La desatención y el craso incumplimiento de la [querellada] con la orden de este Tribunal y con los requerimientos del Procurador General revela un alto grado de indiferencia por parte de la misma hacia las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros. Ello acarrea el ejercicio de nuestra facultad disciplinaria. *In re Rodríguez Servera*, supra, pág. 733.

Del expediente surge que la querellada incumplió con nuestra Resolución de 21 de febrero de 2001, que le fue notificada personalmente el 1ro de marzo de 2001, en la que le concedimos quince días para responder a los requerimientos del Procurador. Además, allí le apercibimos de manera clara las consecuencias de no cumplir con dicha resolución.

## IV

Por todo lo antes expuesto, se suspende inmediata e indefinidamente del ejercicio de la abogacía a María M. Sanabria Ortiz.

El Tribunal, además, le impone a María M. Sanabria Ortiz el deber de notificar a todos sus clientes de su pre-

sente inhabilidad de seguir representándolos y le ordena devolver cualesquiera honorarios recibidos por trabajos no realizados. También deberá informar de su suspensión a los distintos foros judiciales y administrativos del país.

La querellada deberá certificarnos en treinta días, contados a partir de la notificación de esta Opinión *per curiam*, el cumplimiento con estos deberes, notificando también al Procurador. Dentro del mencionado término, deberá también informar a la Secretaria del Tribunal Supremo las direcciones físicas y postales de su residencia y oficina en que rinde sus servicios profesionales. De incumplir con esta orden, la querellada podría encontrarse incursa en desacato.

Se ordena, además, la incautación inmediata del Protocolo notarial de la querellada, quien hasta la fecha de este *per curiam* estaba activa en el ejercicio de la notaría. El Alguacil de este Tribunal deberá incautarse del sello y de la obra notarial de la abogada suspendida, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

*Se dictará la correspondiente sentencia.*