*In re* ENRIQUE OCASIO LÓPEZ.

*Número:* TS-8701          *Resuelto:* 30 de mayo de 2002

*Carmen H. Carlos, directora de la Oficina de Inspección de Notarías*, en informe; *Enrique Ocasio López, pro se.*

PER CURIAM: El 29 de octubre de 2001, la Lcda. Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías, rindió un informe a este Tribunal respecto al estado de la notaría del Lcdo. Enrique Ocasio López. Nos informó que la "reiterada desatención por parte del notario Ocasio López respecto a mensajes, citaciones y requerimientos de [esa] Oficina" la obligaba a hacer una serie de señalamientos. Informe del estado de la notaría del Lcdo. Enrique Ocasio López de 29 de octubre de 2001, pág. 1. En el referido informe, en resumen, nos señaló la licenciada Carlos que el notario en controversia no había cancelado, o adeudaba, por concepto de Sellos de Rentas Internas, de impuesto notarial y por concepto de Sellos de Asistencia Legal, la suma de tres mil trescientos sesenta y siete dólares con noventa centavos ($3,367.90), en una obra notarial que "no es voluminosa", cuyas fallas datan desde 1991. Nos indicó, además, la licenciada Carlos que su oficina había tenido grandes dificultades para examinar la totalidad de la obra notarial de Ocasio López, ello en vista de la actitud asumida por éste.

Evaluado dicho informe, *el 30 de noviembre de 2001* y mediante resolución a esos efectos, le concedimos un término de treinta (30) días al licenciado Ocasio López para que: cancelara la deuda en aranceles detectada, pusiera a disposición de la Oficina de Inspección de Notarías toda su obra notarial y nos certificara el cumplimiento de lo así ordenado.

El *12 de febrero de 2002*, esto es, habiendo transcurrido en exceso de sesenta días desde la fecha de la resolución antes mencionada, el abogado-notario Ocasio López nos solicitó la concesión de una prórroga para cumplir con ella. El *7 de marzo de 2002* le concedimos un segundo término de treinta (30) días para cumplir con lo requerido.[1] *No ha comparecido.* Resolvemos.

---

[1] Esta segunda resolución fue notificada al abogado mediante correo certificado con acuse de recibo, siendo recibida personalmente por éste.

# I

■ En relación con la deuda por aranceles dejados de cancelar por el licenciado Ocasio López, debe señalarse que en *In re Merino Quiñones*, 115 D.P.R. 812, 813–814 (1984), expresamos que:

La práctica de algunos abogados-notarios de no cancelar los correspondientes sellos de rentas internas inmediatamente que otorgan una escritura *no sólo constituye una violación a la Ley Notarial de Puerto Rico, sino que podría inclusive resultar en la configuración de un delito de apropiación ilegal,* por cuanto el importe de dichos sellos es por lo general cobrado por el notario a su cliente al momento de la otorgación del instrumento con el propósito expreso y específico de la compra y cancelación de los referidos sellos. Cuando menos, constituye una práctica altamente censurable que no debe ser continuada, que no estamos dispuestos a tolerar, y que puede constituir, por sí sola, causa suficiente para la separación de un abogado del ejercicio de la notaría en Puerto Rico. (Escolios omitidos y énfasis suplido.)

■ Por otro lado, debe señalarse que reiteradamente hemos resuelto que los abogados tienen el ineludible deber de responder diligentemente a los requerimientos, tanto de este Tribunal como de la Oficina del Procurador General. También hemos recalcado la importancia, de parte de los notarios, de cooperar en la investigación de asuntos disciplinarios y que su desatención podría conllevar la imposición a éstos de severas sanciones. *In re Rodríguez Servera*, 149 D.P.R. 730 (1999); *In re Negrón Negrón*, 146 D.P.R. 928 (1998); *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998); *In re Pérez Rodríguez*, 115 D.P.R. 810 (1984); *In re Díaz García*, 104 D.P.R. 171 (1975).

■ En *In re Rodríguez Servera*, supra, págs. 732–733, expresamos:

[H]emos sido enérgicos al señalar que no toleraremos la incomprensible ... negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Nicot Santana*, 130 D.P.R. 210 (1992). La indiferencia de un abogado en res-

ponder a las órdenes del Tribunal Supremo en la esfera disciplinaria acarrea severas sanciones. *In re Sepúlveda Negrón*, 142 D.P.R. 572 (1997); *In re Melecio Morales*, 144 D.P.R. 824 (1998).

Atendida la "reiterada desatención por parte del notario Ocasio López respecto a mensajes, citaciones y requerimientos" de la Oficina de Inspección de Notarías; su no cancelación de los Sellos de Rentas Internas, de importe notarial y por concepto de Sellos de Asistencia Legal, y la desatención a las órdenes emitidas por este Tribunal, *se decreta la separación, inmediata e indefinida, de Enrique Ocasio López del ejercicio de la abogacía, y la notaría, en Puerto Rico.*

*Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.*

*La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial del abogado Ocasio López, luego de lo cual la entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri no intervinieron.