*In re* ÁNGEL G. DERKES GUZMÁN, querellado.

*Número:* AB-2001-258          *Resuelto:* 26 de marzo de 2004

*Edgardo Ortiz Bauzá*, director interino de la Oficina de Inspección de Notarías; *Ángel G. Derkes Guzmán*, abogado querellado que comparece por derecho propio; *Aida Fuentes Osorio*, querellante.

PER CURIAM: El 4 de diciembre de 2001 la Sra. Aida Fuentes Osorio presentó una queja juramentada ante la Secretaría de este Tribunal contra el Lcdo. Ángel G. Derkes Guzmán.[1] En la referida queja la señora Fuentes alegó que contrató al referido abogado para que tramitara varios asuntos relacionados con la aclaración e inscripción en el

---

[1] Admitido por este Tribunal al ejercicio de la abogacía el 18 de noviembre de 1980 y al del notariado el 26 de mayo de 1981.

Registro de la Propiedad de una compraventa realizada por ésta y su difunto esposo, para lo cual le pagó por adelantado la suma de 4,000 dólares.(2) Según señaló, en varias ocasiones trató de comunicarse con el querellado, quien hizo caso omiso a sus llamadas, por lo que decidió contratar a otro abogado. A esos efectos, la quejosa nos solicitó que le ordenáramos al licenciado Derkes Guzmán la devolución de los $4,000 que cobró por adelantado en concepto de honorarios de abogados.

El 2 de enero de 2002 la Secretaría le notificó al licenciado Derkes Guzmán la queja presentada en su contra y le concedió un término de diez días para que compareciera ante el Tribunal y expresara su posición por escrito. En vista de su incomparecencia, el 12 de marzo de 2002, mediante resolución a esos efectos, le concedimos al referido abogado un término adicional de diez días para que presentara su contestación, *apercibiéndole* que el incumplimiento con dicha resolución podría conllevar la suspensión al ejercicio de la abogacía. Esta resolución fue *notificada personalmente* al abogado por conducto de un Alguacil de este Tribunal.

El 30 de abril de 2002 el licenciado Derkes Guzmán compareció ante nos, mediante escrito titulado Moción en Cumplimiento de Orden, solicitando un término adicional de diez días para contestar la queja presentada en su contra, el cual fue concedido. El 14 de junio de 2002 el referido abogado contestó la queja presentada en su contra, detallando todas las gestiones alegadamente realizadas por él con relación al asunto encomendado y explicó la etapa en que éstas se encontraban. Además, señaló que no había tenido nada que ver con el retraso en la inscripción de la escritura de compraventa, pues, según señaló, éste se debe a "complicaciones intrínsecas y/o fuera de su control" que se remontan al mismo inicio de la transacción en cuestión.

---

(2) Se trata de cinco parcelas de terreno localizadas en el Barrio Medianía Alta de Loíza.

Asimismo, señaló que desconocía el hecho de que la señora Fuentes hubiese contratado a otro abogado, pues no había recibido ninguna comunicación al respecto, pero que si ese era el deseo de su representada, él no tenía ningún reparo en devolverle la partida de honorarios cobrados, *si alguna restase*, luego de deducir la partida correspondiente a los servicios ya prestados. En cuanto a la falta de comunicación con la señora Fuentes, el abogado indicó que desconocía a qué número de teléfono ésta lo había llamado, pues desde que cerró su oficina sólo cuenta con el número de teléfono de su hogar y el de su celular.

Concedimos un término de diez días a la señora Fuentes Osorio para que se expresara en torno a la contestación del querellado y referimos copia del expediente a la Oficina de Inspección de Notarías para que investigara y rindiera el informe correspondiente. La señora Fuentes contestó reiterando su deseo de que el licenciado Derkes Guzmán le *devolviera* los honorarios cobrados. Asimismo, compareció el Lcdo. Edgardo Ortiz Bauzá, entonces director interino de la Oficina de Inspección de Notarías, e informó que el querellado no había incurrido en ninguna actuación notarial que ameritara ser investigada, pues la escritura de compraventas aquí en cuestión no había sido otorgada por éste sino por la notario Olga Cruz Jiménez.[3] En tal virtud, recomendó el archivo de la queja presentada

> ... previo el recibo de un Memorando de Costas y Gastos del licenciado Derkes, para cuantificar los servicios prestados por éste hasta el momento con relación a los trámites requeridos y devuelva, si procede, el remanente de los honorarios recibidos por gestiones no realizadas. Informe de 15 de abril de 2003, pág. 4.

El 30 de abril de 2003 emitimos una resolución donde le concedimos al licenciado Derkes Guzmán un término de

---

[3] En vista de ello, hemos decidido referir *nuevamente* este expediente a la Oficina de Inspección de Notarías para que la referida oficina investigue e informe a este Tribunal en torno a la actuación de la referida abogada.

veinte días para que se expresara sobre el informe de la Oficina de Inspección de Notarías. A pesar de que esta resolución fue enviada a la última dirección que obra en el expediente del querellado en el Tribunal, *éste no contestó.* En vista de ello, el 19 de diciembre de 2003 emitimos una *segunda resolución* donde le concedimos al abogado un

> ... término final de veinte (20) días *para someter* el Memorando de Costas y Gastos según recomendado por la Oficina de la Directora de Inspección de Notarías *y devolver, si procede, el remanente de los honorarios recibidos por gestiones no realizadas.* (Énfasis suplido.)

En la referida resolución, *la cual fue notificada personalmente, apercibimos* al abogado de que su incumplimiento con los términos "conllevar[ía] su suspensión inmediata del ejercicio de la abogacía". Íd. Tenemos constancia de que esta resolución fue recibida por el licenciado Derkes Guzmán el 4 de enero de 2004; no obstante, al día de hoy, luego de transcurridos poco más de dos meses, *éste aún no ha cumplido con lo ordenado por este Tribunal.*

I

Uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza de la abogacía requiere una *escrupulosa atención y obediencia a las órdenes de este Tribunal*, particularmente en la esfera de la conducta profesional.

Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa

confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene *la obligación ineludible* de responder prontamente a nuestros requerimientos. *In re Rodríguez Mena*, 126 D.P.R. 205 (1990). Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo relativo a la exigencia de respeto hacia los tribunales. *In re Salichs Martínez*, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones —de renuencia a cumplir con nuestras órdenes— procede la suspensión temporal del ejercicio de la abogacía. *In re Osorio Díaz*, 146 D.P.R. 39 (1998); *In re Serrano Mangual*, 139 D.P.R. 602 (1995); *In re González Albarrán*, 139 D.P.R. 543 (1995); *In re Bonaparte Rosaly*, 131 D.P.R. 908 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991).

■    Debe enfatizarse la importancia de la obligación de todo abogado de dar "pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión ...". 4 L.P.R.A. Ap. IX, C. 23. Así lo dispone expresamente el Canon 23 del Código de Ética Profesional, ante, donde se expresa, además, que las relaciones entre abogado y cliente son de naturaleza fiduciaria, razón por la cual éstas deben estar basadas en la más absoluta honradez. *In re Pereira Esteves*, 131 D.P.R. 515 (1992); *In re Rivera Carmona*, 114 D.P.R. 390 (1983); *In re Arana Arana*, 112 D.P.R. 838 (1982). En ocasión de interpretar el referido canon, hemos resuelto que

[c]onstituye un *grave atentado* a la relación fiduciaria entre abogado y cliente que el abogado *retenga una suma de dinero* que le adelantó el cliente por concepto de honorarios *sin realizar* la gestión a la cual se comprometió. (Énfasis suplido.) *In*

*re Arroyo Ramos*, 159 D.P.R. 284, 288 (2003). Véanse: *In re Ramírez Ferrer*, 147 D.P.R. 607 (1999); *In re Rivera Carmona*, ante; *In re Arana Arana*, ante.

A esos mismos efectos, hemos señalado que

… la confianza entre abogado y cliente, en particular, el *escrupuloso manejo de fondos*, constituye elemento inseparable que se proyecta no sólo dentro del foro togado puertorriqueño, sino en el respeto y la estima ante la imagen pública. (Énfasis suplido.) *In re Ramírez Ferrer*, ante, pág. 613.

No cabe duda de que el abogado que despliega esta conducta incurre en una *grave falta y violación* al citado Canon 23 del Código de Ética Profesional.

## II

A poco que examinemos los hechos del presente caso nos percatamos de una conducta displicente de dejadez, indiferencia y falta de diligencia por parte del licenciado Derkes Guzmán con relación a sus responsabilidades como funcionario de este Tribunal. Al día de hoy hemos emitido dos resoluciones que han sido *totalmente ignoradas* por el referido abogado. Lo anterior se agrava si consideramos que con su incumplimiento el licenciado Derkes Guzmán ha atentado en contra de la relación fiduciaria que debe existir entre éste y sus clientes, al ignorar el reclamo de la quejosa en torno a la considerable suma de dinero que le adeuda en concepto de honorarios recibidos por gestiones no realizadas.

Si a ello le añadimos que el referido abogado ha ignorado nuestros requerimientos para aclarar dicha situación, forzosa resulta la conclusión de que la conducta desplegada por éste constituye la mejor evidencia de que el licenciado Derkes Guzmán no interesa continuar practicando la honrosa profesión de abogado en nuestra jurisdicción. Una vez más reiteramos que no estamos en

disposición de tolerar la incomprensible negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Ocasio López*, 157 D.P.R. 125 (2002); *In re Nicot Santana*, 130 D.P.R. 210 (1992).

Debe quedar claro, *de una vez y por todas*, el deber y la obligación que todos los abogados tienen de responder con diligencia a los requerimientos de este Tribunal respecto a una queja o querella presentada en su contra. Ya hemos señalado que "[l]a irrazonable e inexcusable tardanza en cumplir con nuestras órdenes —cuando se investiga una queja contra un abogado— constituye una falta de respeto a este Tribunal" que, definitivamente, no estamos en disposición de tolerar. *In re Osorio Díaz*, ante, pág. 43. Véanse, además: *In re Pagán Rodríguez*, 122 D.P.R. 532 (1988); *In re Freytes Mont*, 117 D.P.R. 11 (1986).

Por los fundamentos antes expresados, *se decreta la suspensión temporal e inmediata de Ángel G. Derkes Guzmán del ejercicio de la abogacía en nuestra jurisdicción. Además, y en vista de su obstinada negativa a presentar el correspondiente Memorando de Costas y Gastos, se le ordena devolver en su totalidad los $4,000 cobrados por adelantado a la señora Fuentes Osorio en concepto de honorarios de abogado. Asimismo, le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta días, a partir de su notificación, el cumplimiento de estos deberes y notificar también al Procurador General. La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y del sello notarial del abogado Derkes Guzmán, luego de lo cual los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez no intervino.