EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Queja |
| Alexis Avilés Vega | 2004 TSPR 188 |
| | 163 DPR _____ |

Número del Caso: AB-2004-49

Fecha: 27 de septiembre de 2004

Colegio de Abogados de Puerto Rico:

Lcdo. Ángel N. Candelario Cáliz
Oficial Investigador

Lcda. Milagros Martínez Mercado
Oficial Investigadora

Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el
día 15 de noviembre de 2004).

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se
hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Alexis Avilés Vega
                                    AB-2004-49    QUEJA



PER CURIAM


San Juan, Puerto Rico, a 27 de septiembre de 2004.


El 11 de octubre de 1996, mediante Opinión Per Curiam suspendimos al Lcdo. Alexis Avilés Vega del ejercicio de la abogacía por un término de tres meses. Posteriormente, el 2 de mayo de 1997, denegamos su solicitud de reinstalación, a la luz de las deficiencias señaladas en el Informe de la Directora de la Oficina de Inspección de Notarías, Lcda. Carmen H. Carlos. Luego de eso, mediante resolución de 21 de noviembre de 1997, nos dimos por enterados de la moción informativa de la Lcda. Carlos que ordenamos se uniera el expediente, en la que señalaba "la actitud de desatención, respecto a las órdenes de este Tribunal observada por Alexis Iván Avilés Vega." El 13 de marzo de 1998, recibimos una moción informativa presentada

por el Colegio de Abogados remitiéndonos unas quejas contra el señor Avilés Vega, en vista de que el Colegio no podía continuar investigándolas ante la suspensión de la práctica de la profesión previamente decretada.

El 7 de abril de 1998, ordenamos unir la información así sometida al expediente del señor Avilés Vega y dispusimos que "[l]as quejas se activarían una vez el señor Avilés Vega solicitara re-instalación." El 4 de septiembre de ese año, habiéndose presentado una solicitud de reinstalación, hicimos constar que no consideraríamos la misma hasta que el peticionario no hubiera subsanado todas las deficiencias notariales señaladas. Finalmente, tras numerosos trámites dirigidos a ese fin, el 22 de septiembre de 2000 ordenamos la reinstalación del Sr. Alexis Iván Avilés Vega al ejercicio de la abogacía y la notaría.

En diciembre de ese año, el Colegio de Abogados de Puerto Rico nos informó que por falta de interés de los quejosos había archivado tres de las quejas cuyo trámite se había suspendido hasta la reinstalación del licenciado Avilés Vega. Informó también que se señalaría la cuarta queja para vista en su fondo, pues el quejoso había notificado su interés en que se continuaran los procedimientos. El 29 de diciembre de 2003 ordenamos al Colegio continuar con la investigación en ese caso.

Antes de esto, el 20 de agosto de 2003, la Sra. Rosa J. Román Correa presentó una querella ante la Comisión de

Ética del Colegio de Abogados, relacionada con el desempeño del licenciado Avilés Vega como representante suyo y de su hijo en una demanda de daños y perjuicios. El 2 de septiembre de 2003, el Colegio le envió copia de la querella juramentada al licenciado Avilés Vega, mediante correo certificado con acuse de recibo, concediéndole término para contestarla.

En tres ocasiones posteriores el Colegio extendió el término, advirtiéndole al licenciado Avilés Vega que de no recibirse contestación se referiría el asunto al Tribunal Supremo. Cabe señalar que la última notificación a esos efectos aparece como no reclamada en el correo y devuelta al Colegio de Abogados.

Acorde a lo intimado, el Colegio compareció ante nosotros el 27 de febrero de 2004, mediante moción informativa. Además de relatar los intentos de lograr comunicación con el licenciado Avilés Vega, informó que éste "no había notificado al Colegio de Abogados cambio de dirección alguno." Tampoco consta en el expediente personal del abogado que obra en este Tribunal que se haya notificado un cambio de dirección. Por el contrario, en una comparecencia fechada 22 de diciembre de 2003, con relación a otra querella presentada por el Colegio de Abogados por razón de falta de pago de cuotas, el licenciado Avilés Vega utilizó la misma dirección a la que se le enviaron las notificaciones del Colegio de Abogados antes relacionadas.

El 5 de mayo, ordenamos al licenciado Avilés Vega responder a los requerimientos del Colegio y a la misma vez, comparecer ante este Tribunal a exponer las razones por las cuales no debía ser disciplinado. Se le apercibió de que "el incumplimiento con nuestra resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión." Esta resolución fue notificada al licenciado Avilés Vega personalmente el 9 de julio de 2004.

El 16 de agosto de este año, el Colegio de Abogados nos informó que el licenciado Avilés Vega no ha comparecido ante el Colegio según fue ordenado. Tampoco ha comparecido ante este Tribunal.

II

Reiteradamente hemos resuelto que los abogados tienen el ineludible deber de responder diligentemente a los requerimientos de este Tribunal. También hemos recalcado la importancia de cooperar en la investigación de asuntos disciplinarios y que su desatención podría conllevar severas sanciones. In re: Rodríguez Servera, P.C. de 10 de noviembre de 1999, 2000 JTS 2; In re: Negrón Negrón, P.C. de 30 de octubre 1998, 99 JTS 38; In re: Guemárez Santiago, P.C. de 30 junio 1998, 98 JTS 102; In re: Pérez Rodríguez, 115 DPR 810 (1984); In re: Díaz García, 104 DPR 171 (1975). En In re: Rodríguez Servera, supra, págs. 440-441, expresamos:

> [H]emos sido enérgicos al señalar que no toleramos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. In re: Nicot Santana, res. El 24 de enero de 1992, 130 D.P.R. 210 (1992). La indiferencia de un abogado en responder a las órdenes del Tribunal Supremo en la esfera disciplinaria acarrea severas sanciones. In re: Sepúlveda Negroni, res. el 25 de octubre de 1996, 141 D.P.R. (1996) J.T.S. 140; In re: Melecio Morales, res. el 13 de febrero de 1998, 98 J.T.S. 11.

Del expediente del licenciado Avilés Vega surge con meridiana claridad un patrón de incumplimiento, tanto de los requerimientos del Colegio de Abogados como de los de este Tribunal, no obstante las oportunidades de cumplir que se le han dado y los claros apercibimientos de las consecuencias de su incumplimiento. En nuestra resolución de 5 de mayo de 2004 le advertimos específicamente que podía suspendérsele de la profesión.

En vista de lo anterior, examinada la Moción Informativa Sobre Incumplimiento con Resolución presentada por la Comisión de Ética del Colegio de Abogados de Puerto Rico y no habiendo cumplido Lcdo. Alexis Avilés Vega nuestra resolución de 5 de mayo de 2004, resolvemos según intimamos en ésta y lo suspendemos indefinidamente del ejercicio de la abogacía.

Le imponemos al Lcdo. Alexis Avilés Vega el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá,

además, certificarnos dentro del término de treinta (30) días, a partir de la notificación de la presente, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de Alexis Avilés Vega, debiendo entregar la misma a la Oficina de Inspección de Notarías para que lleve a cabo el examen correspondiente e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:


Alexis Avilés Vega
                        AB-2004-49   Queja



        En San Juan, Puerto Rico, a   27 de
septiembre de 2004.

        Por     los     fundamentos   expuestos en la
Opinión Per Curiam que antecede,   los     que     se
hacen formar parte íntegra de la   presente,     se
dicta Sentencia según intimamos   en         nuestra
Resolución de 5 de mayo de 2004 y se suspende al
Lcdo. Alexis Avilés Vega indefinidamente del
ejercicio de la profesión.

        Le imponemos al Lcdo. Alexis Avilés Vega el
deber de notificar a todos sus clientes de su
presente inhabilidad para seguir representándolos,
devolverles cualesquiera honorarios recibidos por
trabajos no realizados, e informar oportunamente
de su suspensión a los distintos foros judiciales
y administrativos del país. Deberá, además,
certificarnos dentro del término de treinta (30)

días, a partir de la notificación de la presente, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de Alexis Avilés Vega, debiendo entregar la misma a la Oficina de Inspección de Notarías para que lleve a cabo el examen correspondiente e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.


                          Patricia Otón Olivieri
                          Secretaria del Tribunal Supremo