EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Miguel E. Miranda Gutiérrez | 2013 TSPR 71<br><br>188 DPR ____ |

Número del Caso: TS-8092

Fecha: 13 de junio de 2013

Oficina de Inspección de Notarías:

      Lcdo. Manuel Ávila de Jesús

Materia: Conducta Profesional – La suspensión será efectiva el 19 de junio de 2013 fecha en que se le notificó al abogado de sus suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Miguel E. Miranda Gutiérrez          TS-8092

PER CURIAM

San Juan, Puerto Rico, a 13 de junio de 2013.

En el presente caso, reafirmamos nuestro rechazo hacia la indiferencia de algunos abogados para con el cumplimiento de sus deberes como notarios y funcionarios de este Tribunal. Nuevamente, nos encontramos ante la dejadez en cumplir con los requerimientos de la Oficina de Inspección de Notarías.

I

El Lcdo. Miguel E. Miranda Gutiérrez fue admitido al ejercicio de la abogacía el 26 de junio de 1985 y de la notaría el 12 de septiembre de 1988.

En agosto de 2010, la Oficina de Inspección de Notarías (ODIN), llevó a cabo la inspección de

la obra notarial del letrado. Ésta consistía de los protocolos del 2000 al 2009 y los asientos 3507 al 5288 del Registro de Testimonios. Luego de múltiples suspensiones para la re-inspección final de la obra, el notario fue citado para el 29 de junio de 2012. Una vez realizada la reunión final, ODIN notificó al licenciado el informe sobre las deficiencias en su obra notarial mediante correo certificado y carta de 9 de julio de 2012. El letrado no expresó objeciones o divergencias dentro del término dispuesto para ello.

A pesar de lo anterior, y a casi un año de notificadas las deficiencias, ODIN, por conducto de su Director, el Lcdo. Manuel E. Ávila De Jesús, nos informa que todas subsisten. ODIN destaca que entre las deficiencias señaladas se encuentran la falta de encuadernar los protocolos del 2000 al 2009, omisión de adherir y cancelar sellos de rentas internas ($6,143), impuesto notarial ($104) y Asistencia Legal $3.00 ($4,044); la desaparición de la Escritura Número Doce del 2004 y la Escritura Número Cinco del 2005.

Además, de la dejadez en corregir las deficiencias señaladas, el licenciado Miranda Gutiérrez no compareció a la citación para la re-inspección final de su obra, a pesar de haber sido debidamente notificado. El letrado ni siquiera se comunicó con ODIN para justificar su incomparecencia o coordinar una nueva fecha. ODIN recalcó que el licenciado Miranda Gutiérrez "ha desatendido todos los requerimientos de nuestra Oficina de Inspección de

Notarías y no ha subsanado ninguno de los señalamientos de deficiencias realizados por la ODIN". Véase, Moción informativa sobre estado de obra notarial, presentada por ODIN el 21 de marzo de 2013, pág. 2.

II

Constantemente este Tribunal se enfrenta a miembros de la clase togada que incumplen con las órdenes de este Tribunal y de los organismos que poseen la tarea de investigar posibles violaciones a las normas que rigen la profesión.

Reiteradamente hemos recalcado que los abogados tienen como compromiso ineludible responder diligentemente a los requerimientos de este Tribunal, de la Oficina del Procurador General y de la ODIN. In re Arroyo Rivera, 182 D.P.R. 732, 736 (2011); In re Montalvo Guzmán, 169 D.P.R. 847, 849 (2007); In re Moreno Franco, 166 D.P.R. 787, 793 (2006). Incluso, hemos advertido que "la desatención de los abogados a comunicaciones relacionadas con investigaciones disciplinarias tiene el mismo efecto disruptivo de nuestra función reguladora que cuando se atiende una orden emitida directamente por este Tribunal". In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997). Igual conclusión procede cuando los abogados se muestran despreocupados hacia las comunicaciones de ODIN relacionadas con su función de velar por el buen ejercicio de la notaría. In re Montes Díaz, 184 D.P.R. 90, 94 (2011); In re Torres Rodríguez, 163 D.P.R. 144, 148 (2004). Es por ello que la inercia en atender y cooperar con los organismos que investigan los asuntos disciplinarios en coordinación con este Tribunal acarrea sanciones severas.

Ello, constituye por sí mismo una falta al deber de los miembros de esta profesión. Véanse, In re Rivera Irrizary, 155 D.P.R. 687, 695 (2001); In re Rodríguez Servera, 149 D.P.R. 730, 733 (1999). Tal dejadez equivale a una conducta de falta de respeto ante este Tribunal. Véanse, Canon 9 y 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Véase, además, In re Ríos Acosta I, supra, pág. 135. Una vez el abogado se aparta de cumplir con los deberes que le impone la ley y el ordenamiento ético incurre en conducta que conlleva una sanción disciplinaria. In re Piñeiro Vega, Per Curiam, 23 de febrero de 2013; 188 D.P.R. ___; 2013 T.S.P.R. 36; In Re Arroyo Rivera, supra; In re Montalvo Guzmán, supra, págs. 849-850.

## III

El licenciado Miranda Gutiérrez ha incumplido reiteradamente con los procedimientos ante ODIN, conllevando así múltiples suspensiones e incluso, con su actitud y conducta, ha impedido las funciones de ODIN al no corregir las deficiencias de su obra notarial, lo cual incluye la falta grave de ausencia de sellos de rentas internas y notariales. Tal conducta es reflejo de que el abogado abandonó su responsabilidad como miembro de esta profesión al desplegar una actitud de indiferencia ante su deber como notario. El comportamiento del togado, de por sí, constituye razón suficiente e independiente para que sea disciplinado severamente.

Procedemos a separar de forma inmediata e indefinida del ejercicio de la abogacía y de la notaría al Lcdo. Miguel E.

Miranda Gutiérrez. Éste deberá notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a éstos los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. También, tiene la obligación de comunicarse con la ODIN para subsanar cualquier deficiencia encontrada y reponer la deuda arancelaria que ostenta en sellos. Se le advierte al licenciado Miranda Gutiérrez que el incumplimiento con lo anterior podrá conllevar el inicio de un procedimiento de desacato, así como que se refiera el asunto al Departamento de Justicia por la deuda arancelaria. Los procedimientos disciplinarios pendientes contra el licenciado Miranda Gutiérrez se mantendrán en su expediente.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Miguel E. Miranda Gutiérrez y entregar éstos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Miguel E. Miranda Gutiérrez          TS-8092

SENTENCIA

San Juan, Puerto Rico, a 13 de junio de 2013.

Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al señor Miranda Gutiérrez de la práctica de la abogacía y la notaría hasta tanto cumpla con las exigencias pautadas en esta Opinión y someta una moción de reinstalación que así lo constate.

El Lcdo. Miguel E. Miranda Gutiérez deberá notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a éstos los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. También, tiene la obligación de comunicarse con la ODIN para subsanar cualquier deficiencia encontrada y reponer la deuda arancelaria que ostenta en sellos.

Se le advierte al licenciado Miranda Gutiérrez que el incumplimiento con lo anterior podrá conllevar el inicio de un procedimiento de desacato, así como que se refiera el asunto al Departamento de Justicia por la deuda arancelaria.

Los procedimientos disciplinarios pendientes contra el licenciado Miranda Gutiérrez se mantendrán en su expediente.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Miguel E. Miranda Gutiérrez y entregar éstos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta no intervino.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo