*In re* María del C. López Castro.

*Número:* AB-2002-261      *Resuelto:* 14 de mayo de 2003

*Roberto J. Sánchez Ramos*, procurador general, *Héctor Clemente Delgado* y *Vanessa Lugo Flores*, subprocuradores generales, y *Rosana Márquez Valencia*, procuradora general auxiliar; *María del C. López Castro, pro se.*

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

PER CURIAM: La Sra. Leida Varona visitó la Oficina del Procurador General de Puerto Rico *el 12 de junio de 2002.* Allí informó que había contratado a la Lcda. María del Carmen López Castro para que la representara en un litigio ante la Sala Superior de San Juan del Tribunal de Primera Instancia, y que *había perdido todo contacto o comunicación con ésta desde el mes de octubre de 2001.* Informó, además, que su único interés era conseguir el expediente de su caso, en poder de la licenciada López Castro, y que ésta renunciara como su abogada, para así poder contratar a otro abogado.

El Procurador General de Puerto Rico intentó comunicarse con la licenciada López Castro en dos ocasiones. *No* tuvo éxito. En vista de esto, compareció *por primera vez* ante este Tribunal, mediante escrito de 10 de septiembre de 2002, para solicitar que le ordenáramos a la licenciada López Castro que compareciera a su Oficina. Así lo hicimos mediante Resolución de 24 de octubre de 2002. Le ordenamos, además, en dicha Resolución que compareciera ante el Tribunal a mostrar causa por la cual no debía ser disciplinada por no haber contestado los requerimientos del Procurador General, al tiempo que se le apercibió de que

su incumplimiento con lo ordenado podría conllevar la imposición de sanciones disciplinarias, *"incluyendo la suspensión del ejercicio de la abogacía"*. Dicha Resolución le fue *notificada personalmente* a la licenciada López Castro.

La abogada se comunicó, por carta, con la Oficina del Procurador General y se comprometió a entregarle el expediente del caso a la Sra. Leida Varona. *No* lo hizo. Como consecuencia de esto, el Procurador General compareció, *nuevamente*, ante el Tribunal para así informarlo. El 7 de enero de 2003 emitimos una *nueva* Resolución, similar a la que emitiéramos el 24 de octubre de 2002. Ésta, igualmente, le fue *notificada personalmente* a la licenciada López Castro. Ahí comenzó un proceso de cumplimientos parciales e incumplimientos de la licenciada López Castro con la Oficina del Procurador General, los cuales son muy extensos para relatar.

Debe enfatizarse el hecho que al día de hoy —y según surge de una moción del Procurador General de 26 de febrero de 2003, intitulada Moción Informativa sobre Ulteriores Incumplimientos de la Lcda. María del C. López Castro con Requerimientos de la Oficina del Procurador General— la licenciada López Castro, en resumen, todavía *no* ha entregado el expediente del caso a la señora Varona *ni tampoco* ha comparecido ante el Tribunal en cumplimiento de las dos órdenes emitidas para mostrar causa.([1])

I

Resulta obvio que a la Lcda. María del Carmen López Castro *no* le interesa continuar practicando la honrosa profesión de abogado en nuestra jurisdicción.

---

([1]) En su escrito de 26 de febrero, el Procurador General concluye que "dado que este Honorable Tribunal ha brindado a la licenciada López múltiples oportunidades para cumplir con sus responsabilidades, sin que ésta haya demostrado interés en agilizar el trámite de este asunto, procede la aplicación de medidas disciplinarias con respecto a la referida abogada". Moción informativa sobre ulteriores incumplimientos de la Lcda. María del C. López Castro con requerimientos de la Oficina del Procurador General, pág. 5.

■ En *innumerables ocasiones* hemos señalado que

... resulta intolerable la *incomprensible y obstinada negativa* de un miembro de la profesión togada de cumplir con las órdenes y requerimientos, *tanto de este Tribunal como de la Oficina del Procurador General.* (Énfasis suplido.) *In re Sanabria Ortiz,* 156 D.P.R. 345, 349–350 (2002). Véanse, además, *In re Lasalle Pérez,* 153 D.P.R. 368 (2001); *In re Rodríguez Servera,* 149 D.P.R. 730 (1999).

■ Debe mantenerse presente que es *obligación* de todo abogado cooperar en la tramitación e investigación de asuntos disciplinarios en su contra y que desatender este deber puede resultar en la imposición de *severas* sanciones disciplinarias. *In re Negrón Negrón,* 146 D.P.R. 928 (1998); *In re Pérez Rodríguez,* 115 D.P.R. 810 (1984).

■ En este respecto, los miembros de la profesión deben mantener presente que el incumplimiento por parte de un abogado con nuestras órdenes, en relación con el trámite de una queja, *constituye una falta ética separada e independiente de los méritos de la queja que contra él se presente.* Véase *In re Vargas Soto,* 146 D.P.R. 55 (1998).

Por las razones expresadas, procede decretar la *suspensión temporal* de María del Carmen López Castro del ejercicio de la abogacía y de la notaría hasta que otra cosa disponga este Tribunal. Le imponemos a ésta el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados, y de informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta días a partir de su notificación el cumplimiento de estos deberes.

El Alguacil del Tribunal Supremo procederá a incautarse de la obra notarial de María del Carmen López Castro, incluso de su sello notarial, luego de lo cual los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Hernández Denton no intervinieron.