EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2011 TSPR 140 |
|---|---|
| Oscar L. Fontán La Fontaine | 182 DPR ____ |

Número del Caso: TS-15181, AB-2010-298 y AB-2011-123

Fecha: 22 de septiembre de 2011

Materia: Conducta Profesional- La suspensión será efectiva el 28 de septiembre de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Oscar L. Fontán La Fontaine

TS-15181
AB-2010-298
AB-2011-123

PER CURIAM

En San Juan, Puerto Rico, a 22 de septiembre de 2011.

Una vez más nos vemos en la obligación de suspender a un miembro de la profesión por incumplimiento con los requerimientos de este Tribunal sobre varios procesos disciplinarios instados en su contra y por mantener su fianza notarial al descubierto. Por las razones que expondremos a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Oscar L. Fontán La Fontaine del ejercicio de la abogacía y de la notaría, así como la cancelación de su fianza notarial.

I

El licenciado Fontán La Fontaine fue admitido al ejercicio de la abogacía el 16 de febrero de 2005 y al ejercicio del notariado el 23 de marzo de 2005.

El 3 de noviembre de 2010 compareció ante este Tribunal la Hon. Aileen Navas-Auger, Jueza Superior, mediante acta, para informarnos que el licenciado Fontán La Fontaine, luego de haber renunciado a la representación legal de un caso, no había entregado el expediente a sus representados según se le ordenó. El 14 de enero de 2011 referimos el asunto a la Procuradora General para su investigación e informe correspondiente. Esta oficina presentó un informe preliminar en el que nos indicó que le cursaron dos cartas al licenciado Fontán La Fontaine por correo regular y certificado, requiriéndole que se expresara sobre el acta y nunca contestó. Estas comunicaciones le fueron enviadas al letrado a la dirección que obraba en este Tribunal y en el Registro Único de Abogados. Las cartas cursadas por correo regular no fueron devueltas. Una de las cartas certificadas fue recibida, pero la segunda fue devuelta. Asimismo, nos señalaron que fueron infructuosos los intentos de comunicación telefónica al número que aparecía en los escritos presentados ante el Tribunal de Primera Instancia. El número de teléfono se encontraba fuera de servicio.

El 16 de mayo de 2011 concedimos un término de veinte (20) días al licenciado Fontán La Fontaine para que

compareciera ante la Oficina de la Procuradora General. Dentro de ese mismo término la Oficina de la Procuradora General debía informarnos si el querellado compareció. Le advertimos que el incumplimiento con nuestra orden podía conllevar la suspensión del ejercicio de la profesión, así como sanciones disciplinarias severas. El 20 de julio de 2011 la Oficina de la Procuradora General compareció a informarnos que el licenciado Fontán La Fontaine no había cursado comunicación alguna respecto a la queja presente.

Por otros hechos, el 3 de mayo de 2011 compareció ante nos la Oficina de la Procuradora General de Puerto Rico para notificarnos que el licenciado Fontán La Fontaine no había contestado un requerimiento de esa oficina para que presentara su postura con relación a una queja que le habían presentado. La queja surgió luego de que el Sr. Pablo Ríos Acevedo contratara los servicios del licenciado Fontán La Fontaine para la presentación de una acción en daños y perjuicios y luego no supiera más de su paradero. Según surge del expediente, el señor Ríos Acevedo le pagó al querellado $1,500 para la presentación de la demanda, pero este último nunca compareció a las vistas señaladas, aun cuando se le que requirió que mostrara causa por su incomparecencia. En cambio, acudió otro letrado que solicitó la desestimación del caso.

El 20 de junio de 2011 le concedimos diez (10) días al licenciado Fontán La Fontaine como oportunidad adicional para que compareciera ante la Oficina de la

Procuradora General a responder por los requerimientos cursados por esa oficina. También le ordenamos que en ese mismo término compareciera ante este Tribunal a exponer las razones por las cuales no debía ser disciplinado por no comparecer a responder los requerimientos de la Oficina de la Procuradora General. Apercibimos una vez más al querellado de que el incumplimiento con nuestra orden podría conllevar sanciones disciplinarias severas, así como la suspensión del ejercicio de la profesión. Nunca contestó nuestra orden.

Finalmente, el 27 de mayo de 2011 el Colegio de Abogados de Puerto Rico compareció ante nos para informarnos que el licenciado Fontán La Fontaine tenía al descubierto, desde marzo de 2010, el pago de su fianza notarial en contravención con el Título II, Art.7 de la Ley Núm. 75 de 2 de julio de 1987, mejor conocida como Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2011.

El 6 de junio de 2011 le concedimos veinte (20) días al licenciado Fontán La Fontaine para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Le apercibimos también que el incumplimiento con nuestra orden conllevaría su suspensión del ejercicio de la notaría y podía dar lugar a sanciones disciplinarias. Nuevamente, el licenciado Fontán La Fontaine ignoró nuestras órdenes y nunca contestó.

II

Es harto sabido que todo abogado tiene la obligación de responder oportuna y diligentemente a los requerimientos de este Tribunal, en especial "aquellos relacionados con procedimientos disciplinarios sobre su conducta profesional". In re Torres Viera, 179 D.P.R. 868, 870 (2010). "[L]a naturaleza de su función requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal". In re Pagan Ayala, 130 D.P.R. 678, 681 (1992). Esto, independientemente de que sean realizados por el Colegio de Abogados, la Oficina de la Procuradora General o este Foro. In re Rosado Cruz, 176 D.P.R. 1012, 1015 (2009). Su incumplimiento viola el Canon 9 de Ética Profesional, 4 L.P.R.A. Ap. IX, que impone a todo abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".

Es por ello que

> [e]ste Tribunal es sumamente estricto con los abogados que ignoren nuestras órdenes. La testarudez y contumacia al no contestar nuestros requerimientos no será tolerada…. El incumplir con nuestras órdenes dentro de un procedimiento disciplinario constituye una falta ética distinta e independiente de los méritos de la queja o quejas disciplinarias ya presentadas…. No responder diligentemente nuestras órdenes o requerimientos constituye "una falta de respeto hacia los procedimientos de este Tribunal y socava nuestra función reguladora de la profesión" de la abogacía.

> In re Rosado Cruz, supra, pág. 1016 citando a In re Santiago Méndez, 129 D.P.R. 696 (1991); In re Ramírez Ferrer, 164 D.P.R. 744 (2005); In re Vázquez Santiago, 155 D.P.R. 926 (2001); In re Vargas Soto, 146 D.P.R. 55 (1988); In re Velázquez Quiles, 146 D.P.R. 30 (1998).

En fin, el abogado que no contesta los requerimientos de este Tribunal demuestra conducta de dejadez, indiferencia y falta de diligencia. Recordemos que todo abogado tiene "el compromiso… de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía". In re Derkes Guzmán, 161 D.P.R. 469, 473-474 (2004).

III

Como relatáramos, el licenciado Fontán La Fontaine ha incumplido en varias ocasiones con nuestros requerimientos, así como con los de la Oficina de la Procuradora General. Hemos sido más que condescendientes en otorgarle términos para que compareciera. En claro menosprecio de nuestras órdenes, no lo ha hecho aún. Por todo ello, ordenamos la suspensión inmediata e indefinida del Lcdo. Oscar L. Fontán La Fontaine de la práctica de la abogacía y del ejercicio de la notaría. Además ordenamos la cancelación de su fianza notarial. El querellado tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a estos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia.

Notifíquese personalmente esta Opinión al Lcdo. Oscar L. Fontán La Fontaine por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Oscar L. Fontán La Fontaine




TS-15181
AB-2010-298
AB-2011-123




SENTENCIA

En San Juan, Puerto Rico, a 22 de septiembre de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se ordena la suspensión inmediata e indefinida del Lcdo. Oscar L. Fontán La Fontaine de la práctica de la abogacía y del ejercicio de la notaría. Además ordenamos la cancelación de su fianza notarial. El querellado tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a estos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada señora Pabón Charneco no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo