per curiam:
Una vez más nos vemos en la obligación de imponer acciones disciplinarias a un miembro de la profe-sión por su incumplimiento reiterado con las órdenes de este Tribunal.
Por las razones que expondremos a continuación, orde-namos la suspensión inmediata e indefinida del Ledo. Rafael A. Asencio Márquez del ejercicio de la abogacía.
I
El licenciado Asencio Márquez fue admitido al ejercicio de la abogacía el 21 de enero de 1998 y al de la notaría el 2 de diciembre del mismo año.
El 26 de agosto de 2009 el letrado fue suspendido del ejercicio de la abogacía y la notaría por no comparecer ante este Tribunal ni satisfacer su deuda por concepto de fianza notarial. Véase In re Asencio Márquez, 176 D.P.R. 598 (2009). Posteriormente, el 8 de octubre de 2009 este Tribunal reinstaló al licenciado Asencio Márquez al ejercicio de la abogacía y se le apercibió de que en el futuro debía cum-plir con las órdenes de este Tribunal y satisfacer a tiempo el importe de su fianza notarial. No obstante, en cuanto a la solicitud que el togado hiciera para ser reinstalado a la *661 práctica de la notaría, ordenamos a la directora de la Ofi-cina de Inspección de Notarías (O.D.I.N.) que informara el estado de la obra notarial incautada. Véase In re Asencio Márquez, 177 D.P.R. 60 (2009).
En cumplimiento con lo ordenado, O.D.I.N. presentó el 30 de octubre de 2009 su Informe sobre estado de obra incautada, indicando un sinnúmero de deficiencias en la obra notarial del licenciado Asencio Márquez. Entre las in-suficiencias señaladas se encuentran la falta de encuader-nación de Protocolos para el 2003 al 2009; la omisión del índice del Protocolo, nota de cierre, foliación, firma, signo, rúbrica y sello de notario, nota de saca, sellos de Rentas Internas, sello de Impuesto Notarial, sello de la Sociedad para Asistencia Legal y la estampilla de Asistencia Legal en el Registro de Testimonios. Además, se indicó que exis-ten espacios y páginas completas en blanco con las inicia-les de los otorgantes, instrumentos públicos desaparecidos y que se adeuda múltiples índices notariales.
Ante el referido informe, el 3 de noviembre de 2009 este Tribunal emitió una resolución ordenando al licenciado Asencio Márquez que corrigiera, en el término de 30 días, las deficiencias informadas por O.D.I.N.
El letrado solicitó unas prórrogas para cumplir con lo ordenado el 3 de diciembre de 2009, el 29 de enero de 2010, el 28 de mayo de 2010, el 2 de julio de 2010, el 16 de sep-tiembre de 2010 y el 11 de enero de 2011. Al así hacerlo, en síntesis, expuso que no ha sido su intención incumplir con lo ordenado, pero que su condición de salud y escasos re-cursos económicos le han impedido corregir el restante de las deficiencias.
En todas las ocasiones mencionadas, este Tribunal con-cedió la oportunidad al licenciado Asencio Márquez para cumplir con lo ordenado desde el 2009 y subsanar su obra notarial. Ello se desprende de nuestras Resoluciones del 15 de enero de 2010, 21 de mayo de 2010, 9 de julio de 2010 y
*662 29 de octubre de 2010.(1) Advertimos al letrado que debía efectuar las correcciones y cumplir con los señalamientos de O.D.I.N. Además, le apercibimos que su incumplimiento podría llevar serias sanciones disciplinarias, incluyendo la suspensión indefinida de la profesión.
A pesar de nuestras múltiples órdenes y de algunas ges-tiones del licenciado Asencio Márquez, subsisten una gran cantidad de las deficiencias en su obra notarial según fuera informado por O.D.I.N. el 30 de abril de 2010 y del 5 de octubre de 2010.
Así las cosas, este Tribunal emitió una resolución el 4 de febrero de 2011 concediendo al togado un término final de 30 días para subsanar las faltas notariales.
Por su parte, el 11 de febrero de 2011, O.D.I.N. informó a esta Curia el cumplimiento con la subsanación de ciertas deficiencias y la cancelación de parte de los aranceles adeudados. Asimismo, señaló que el letrado no ha compa-recido para cumplir con la orden de este Tribunal a pesar de las múltiples gestiones a tales efectos. Tampoco ha in-formado las diligencias que haya realizado o que se en-cuentra realizando para corregir la obra notarial.
Ante este cuadro fáctico, emitimos el 15 de abril de 2011 una Resolución en la que ordenamos al licenciado Asencio Márquez que cumpliera de inmediato con los requerimien-tos de O.D.I.N. Ésta fue notificada personalmente al letrado. Además, le ordenamos mostrar causa en el tér-mino de 20 días por la cual no debíamos suspenderlo de manera inmediata por sus omisiones. Apercibimos al abo-gado que incumplir con lo ordenado conllevaría la suspen-sión inmediata de la profesión. A pesar de ello, el 11 de mayo de 2011 O.D.I.N. informó el incumplimiento del li-cenciado Asencio Márquez con lo ordenado.
*663 En exceso de los términos concedidos, el 6 de junio de 2011 el letrado comparece y, otra vez, solicita excusas a este Tribunal por su dilación. Nuevamente, aduce al que-brantamiento de salud de su esposa y al suyo propio en un intento de justificar su desobediencia. No obstante, no ex-plicó por qué no informó previamente sobre dichas situaciones.
A pesar de la desidia demostrada, este Tribunal el 24 de junio de 2011 concedió una nueva oportunidad al licen-ciado Asencio Márquez para que en diez días informara el resultado de las gestiones realizadas y subsanara las faltas notariales. Esta orden fue notificada al licenciado a través de la Oficina de Alguaciles. En esta ocasión, le advertimos que no se concederían prórrogas y que la persistencia de las deficiencias sin subsanarse conllevaría la separación inmediata de la profesión.
O.D.I.N. compareció ante este Tribunal el 11 de agosto de 2011 para informar que a esa fecha el licenciado Asencio Márquez no había cumplido con lo ordenado ni se había comunicado. Examinado el expediente, surge que el togado ha incumplido con lo ordenado.
II
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, requiere que todo abogado observe una conducta de respeto y diligencia hacia los tribunales. Es la obligación de todo letrado responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, particularmente aquellos relacionados con los procedimientos disciplinarios sobre su conducta profesional. In re Fidalgo Córdova, 183 D.P.R. 217, 222 (2011); In re Fontán La Fontaine, 182 D.P.R. 934 (2011); In re García Incera, 177 D.P.R. 329 (2009). El incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituyen causas suficien- *664 tes para la suspensión inmediata de los abogados. In re Toro Soto, 181 D.P.R. 654 (2011); In re Martínez Sotomayor I, 181 D.P.R. 1 (2011); In re Tió Fernández, 178 D.P.R. 681, 682-683 (2010); In re López de Victoria Brás, 177 D.P.R. 888, 891 (2010). Reiteradamente, este Tribunal ha sido en-fático al indicar que desatender nuestros dictámenes cons-tituye un serio agravio a la autoridad de los tribunales y una infracción al Canon 9. In re Bonilla Montalvo, 183 D.P.R. Ap. (2011); In re Fidalgo Córdova, supra; In re Fon-tanéz Fontanéz, 181 D.P.R. 407 (2011); In re García Incera, supra.
Constantemente encaramos situaciones en las cuales un sinnúmero de abogados incumplen con las órdenes de este Tribunal y de los organismos a los cuales encomendamos la tarea de investigar las posibles violaciones a las normas que rigen nuestra profesión. Ante esta situación hemos afirmado que ningún notario puede asumir una actitud pasiva y descansar en que O.D.I.N. lo contactará para verificar si se corrigen adecuadamente las deficiencias señaladas. Apartarse de cumplir con los deberes que imponen la ley y el ordenamiento ético constituye una conducta que acarrea sanción disciplinaria. In re Arroyo Rivera, 182 D.P.R. 732 (2011).
Este Tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y perentorios impuestos para cumplir con nuestras órdenes. El hecho de que esta Curia esté en disposición de conceder prórrogas para lograr el cumplimiento con nuestras órdenes, en aras de corregir deficiencias al ejercicio de la profesión legal, no impide nuestra función disciplinaria. Tampoco exonera al letrado de las consecuencias de las violaciones éticas en que incurra ante nuestro Foro. Bajo ningún concepto este Tribunal está vedado de auscultar si procede la suspensión de un miembro de nuestra profesión ante un trámite que demuestra un cúmulo de *665 acciones dirigidas a dilatar y entorpecer los procedimientos en contravención al Canon 9, supra.
Ill
En el caso que nos ocupa, el licenciado Asencio Márquez debía subsanar las deficiencias de su obra notarial infor-madas por O.D.I.N., según le fuera ordenado mediante la Resolución de 3 de noviembre de 2009.
El licenciado Asencio Márquez compareció en múltiples ocasiones para solicitar una prórroga y cumplir con lo ordenado. Este Tribunal concedió las prórrogas solicitadas, advirtiendo al letrado que su incumplimiento no sería óbice para imponerle sanciones disciplinarias, que inclui-rían su suspensión del ejercicio de la abogacía. Sin embargo, y en claro detrimento a nuestras directrices, el li-cenciado Asencio Márquez incumplió con los términos dispuestos en nuestras órdenes.
El cúmulo de mociones presentadas por el licenciado Asencio Márquez demuestra la dejadez y una actitud indi-ferente para cumplir con nuestros requerimientos y los de O.D.I.N. Este Tribunal concedió al letrado siete oportuni-dades y dos años para corregir su obra notarial. Aún hoy no ha subsanado las deficiencias señaladas y tampoco ha in-formado las gestiones realizadas para subsanarlas. Ello a pesar de que le hemos advertido que su inobservancia con-llevaría la separación inmediata de la profesión.
Los hechos antes relatados reflejan una falta de diligen-cia inexcusable y un alto grado de indiferencia ante este Tribunal. No podemos justificar esta actitud contumaz. La conducta del licenciado Asencio Márquez es reflejo de su falta de interés e imposibilidad de ejercer la profesión de la abogacía.
Por todo ello, ordenamos la suspensión inmediata e in-definida del Ledo. Rafael A. Asencio Márquez de la práctica de la abogacía. Este deberá notificar a todos sus clientes *666 sobre su inhabilidad para continuar con su representación y deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán certificarse a este Tribunal dentro del tér-mino de treinta días a partir de la notificación de esta Opi-nión per curiam y Sentencia.
Nada de lo aquí dispuesto releva al licenciado Asencio Márquez de subsanar su obra notarial según le fuera orde-nado desde el 3 de noviembre de 2009.
La Oficina del Alguacil de este Tribunal notificará per-sonalmente esta Opinión per curiam al Ledo. Rafael A. Asencio Márquez.

Se dictará Sentencia de conformidad.

 La Resolución de 21 de mayo de 2010 se notificó personalmente al licenciado Asencio Márquez y se le concedía un término final de 20 días para subsanar la obra notarial. Asimismo, la Resolución de 9 de julio de 2010 advertía al letrado que debía cumplir con lo ordenado en un término final y perentorio de 60 días.