per curiam:
Según se deduce de los expedientes de este Tribunal, el Ledo. Thomas Jimmy Rosario Martínez (licen-ciado Rosario Martínez) ha incurrido en un serio patrón de incumplimiento con los requerimientos de este Foro. Es por ello que, a base de los eventos que detallamos a conti-nuación y conforme a las consideraciones éticas pertinen-tes, nos vemos obligados a separarlo indefinidamente del ejercicio de la profesión.
I
El licenciado Rosario Martínez fue admitido al ejercicio de la abogacía el 31 de mayo de 1977 y al ejercicio de la notaría el 13 de junio de 1977. Se han presentado dos que-jas en contra de éste, las que resumimos a continuación.

AB-2008-53

El 11 de marzo de 2008, mediante una Moción Informa-tiva sobre Incumplimiento de Colegiado, el Colegio de Abo-gados nos informó de una queja sometida por el Sr. Jesús M. Pabón Quiñones (señor Pabón o el querellante) contra el licenciado Rosario Martínez el 21 de septiembre de 2007. *496 Indicó la Oficial Investigadora que, no obstante habérsele exigido al letrado la contestación a sus requerimientos en cuatro ocasiones, a esa fecha aún éste no había respondido.
Así pues, el 14 de mayo de 2008 ordenamos al licenciado Rosario Martínez a: (1) responder en 10 días a los requeri-mientos del Colegio de Abogados, y (2) exponer ante este Foro las razones por las cuales no debería ser disciplinado por desatender los requerimientos del Colegio de Abogados. Se le apercibió que su incumplimiento con lo dispuesto en nuestra resolución podría conllevar sanciones severas, incluyendo su suspensión al ejercicio de la profesión. Copia de esta resolución se le entregó personal-mente el 30 de mayo de 2010.
El letrado sometió una Moción Informativa el 12 de ju-nio de 2008, la cual referimos al Colegio de Abogados me-diante una Resolución de 29 de julio de 2008.
El 30 de septiembre de 2008, el Colegio de Abogados sometió una Moción en Cumplimiento de Orden, en donde nos informó que, conforme a la contestación del licenciado Rosario Martínez recibida el 20 de agosto de 2008, el le-trado había indicado que estaba dispuesto a devolver al querellante el dinero correspondiente en su totalidad, lo que pondría fin al asunto. Procedimos entonces al archivo del proceso. Véase Resolución de 27 de octubre de 2008.
El 26 de abril de 2010 compareció nuevamente ante no-sotros el Colegio de Abogados, a través de una Moción In-formativa sobre Incumplimiento de Colegiado, para indi-carnos que, a pesar del arreglo pactado de devolver los mil trescientos cincuenta y nueve dólares ($1,359) al señor Pa-bón, el licenciado Rosario Martínez no había cumplido con su parte del acuerdo. Asimismo, informó que ninguna de las partes se había comunicado con la Comisión de Etica durante los últimos seis meses.
En vista de lo anterior, el 28 de mayo de 2010 emitimos una resolución que ordena al licenciado Rosario Martínez a *497 que, en el término de 20 días, mostrara causa por la cual no debía ser disciplinado por no haber devuelto el dinero al quejoso. Se le apercibió, además, que su incumplimiento podría conllevar sanciones disciplinarias, incluyendo la suspensión indefinida de la profesión. Dicha resolución le fue notificada personalmente el 8 de junio de 2010.
El 28 de jimio de 2010 el licenciado Rosario Martínez sometió una Moción Solicitando Prórroga de 60 días para proveernos la información comprobada de haber cumplido a cabalidad.
Debido a que no recibimos ningún documento ulterior de parte del licenciado Rosario Martínez, el 29 de octubre de 2010 emitimos otra resolución, esta vez concediéndole el término final de 30 días para acatar lo previamente ordenado. Nuevamente se le apercibió de que su incumpli-miento podría conllevar sanciones disciplinarias, inclu-yendo la suspensión indefinida de la profesión.
Transcurrido más de un año, aún no hemos recibido res-puesta a nuestras órdenes relacionadas a este asunto.

AB-2010-87

Asimismo, el 26 de abril de 2010 el Colegio de Abogados sometió una Moción Informativa sobre Incumplimiento de Colegiado, en donde nos informó que, luego de meses de requerimientos y correspondencia, el licenciado Rosario Martínez se había comprometido a devolver mil dólares ($1,000) a los querellantes Wanda L. Maldonado Adorno, Marta Adorno Adorno y Juan E. Maldonado Santiago (los querellantes) por adelantos de honorarios recibidos por servicios no prestados. No obstante, el abogado no había cumplido con lo pactado.
El 29 de octubre de 2010 ordenamos al licenciado Rosario Martínez que, en el término de 20 días, mostrara causa por la cual no debería ser disciplinado por no haber de-vuelto los dineros a los quejosos. Nuevamente se le aperci-bió de las consecuencias de no responder a nuestro requerimiento.
*498 A pesar de que nuestra resolución fue notificada perso-nalmente al letrado el 15 de noviembre de 2010, es decir, hace más de un año, éste aún no ha respondido a la misma.
II
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, exige que los abogados respondan pronta y diligentemente a las órdenes del tribunal, a la vez que les compele a comparecer a los señalamientos que le sean notificados. In re Nieves Nieves, 181 D.P.R. 25, 34 (2011); In re Segarra Arroyo, 180 D.P.R. 434 (2010); In re Dávila Toro, 179 D.P.R. 833 (2010). Habitualmente hemos acudido a los preceptos del Canon 9 para atender situaciones en las que los abogados hacen caso omiso a los requerimientos de este Foro durante el trámite de los procedimientos disciplinarios llevados en su contra. Id.
Según hemos advertido con anterioridad, la obligación de responder a nuestros requerimientos cobra mayor relevancia dentro del contexto de un proceso disciplinario. In re Fontán La Fontaine, 182 D.P.R. 931 (2011); In re Fiel Martínez, 180 D.P.R. 426, 430 (2010). La naturaleza de la función del abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos relacionados con su conducta profesional. In re Vellón Reyes, 181 D.P.R. 928, 932 (2011).
El deber de cumplir con las exigencias del trámite dis-ciplinario se extiende a requerimientos hechos ya sea por el Colegio de Abogados, por el Procurador o por este Tribunal. In re Fontán La Fontaine, supra; In re Rosado Cruz, 176 D.P.R. 1012, 1015 (2009).
Notamos, además, que la obligación de ser diligentes y responsivos con nuestros requerimientos opera indepen-dientemente de los méritos de la queja que se haya presen-tado en su contra. In re Fiel Martínez, supra.
*499 III
En vista del craso incumplimiento del Ledo. Thomas Jimmy Rosario Martínez con los requerimientos de este Tribunal,(1) decretamos su suspensión inmediata e indefi-nida del ejercicio de la abogacía y la notaría. Le ordena-mos, por lo tanto, notificar a todos sus clientes su inhabili-dad para continuar con su representación, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como adminis-trativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Resolución y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del licenciado Rosario Martínez, incluyendo su sello notarial, y deberá entregar ambos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión “per curiam” al licenciado Rosario Martínez por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez y el Juez Asociado Señor Kolthoff Caraballo no intervinieron.

 Cabe señalar, además, que el 28 de octubre de 2009 el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico nos remitió una Orden de 16 de octubre de 2009, en la que se decretó la suspensión indefinida de la práctica al licenciado Rosario Martínez ante ese foro.