EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Anselmo Irizarry Irizarry | 2014 TSPR 27<br><br>190 DPR ____ |

Número del Caso: AB-2011-408

Fecha: 21 de febrero de 2014

Oficina de la Procuradora General:

Lcda. Margarita Mercado Echegaray
Procurador General

Lcda. Karla Pacheco Álvarez
Subprocuradora General

Lcda. Gisela Rivera Matos
Procuradora General Auxiliar

Materia: Conducta Profesional – La suspensión será efectiva el 26 de febrero de 2014 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Anselmo Irizarry Irizarry             AB-2011-0408

PER CURIAM

En San Juan, Puerto Rico, a 21 de febrero de 2014.

Una vez más nos corresponde atender una situación en la que un abogado querellado asume una conducta caracterizada por extrema desidia e indiferencia. Por tanto, no tenemos la necesidad de entrar a considerar y evaluar los méritos de la queja presentada en contra del Lcdo. Anselmo Irizarry Irizarry (licenciado Irizarry, el querellado o el letrado). Por los fundamentos que a continuación enunciamos, lo suspendemos inmediata e indefinidamente de la práctica de la abogacía y de la notaría. Esto, toda vez que sus actuaciones durante el proceso disciplinario fueron contrarias

a lo que prescribe el Cánon 9 del Código de Ética Profesional.[1]

## I

El Lcdo. Anselmo Irizarry Irizarry fue admitido al ejercicio de la abogacía el 31 de diciembre de 1985 y a la práctica de la notaría el 6 de junio de 1989. En lo pertinente a la querella que nos ocupa, este asumió la representación legal de la Sra. Ruth Rodríguez Millán (señora Rodríguez, la quejosa o la querellante) en el año 2004. Esta presentó una queja en contra del letrado ante la Oficina del Procurador General.[2]

En síntesis, la querellante alegó que en mayo del 2004 estuvo involucrada en un accidente. En consecuencia, contrató los servicios del licenciado Irizarry para que le radicara una demanda civil. Indicó además, que el querellado le dijo que tenía que esperar a que se le citara para el caso. En varias ocasiones, la señora Rodríguez llamó a la oficina del letrado para saber el estatus del caso. Empero, le fue imposible contactarlo.

Así las cosas, y al no tener respuesta del licenciado Irizarry, la quejosa se presentó personalmente en su oficina. Ese día dialogaron y el querellado justificó el retraso del caso por la situación económica de los seguros involucrados en la controversia. Además, el letrado le solicitó que le concediera un mes para dejarle saber el

---

[1] 4 L.P.R.A. Ap. IX. C. 9.
[2] A esta queja se le asignó el número 10-43 en la Oficina del Procurador General.

estado de los procedimientos. Ese mismo día, la querellada le entregó al licenciado Irizarry copia de sus últimos análisis médicos para récord del caso. Transcurrido el tiempo solicitado por el querellado y, al no tener respuesta del mismo, la señora Rodríguez le escribió una carta certificada.[3] El letrado nunca contestó la misma.

De otra parte, la querellante expresó que consultó el asunto con otro abogado. El mismo le orientó que fuera personalmente al Tribunal de Ponce para revisar el expediente de su caso. Sorpresivamente, allí le informaron que su caso estaba inactivo y que el mismo había sido desestimado.

En ese escenario, el 7 de diciembre de 2010 y el 16 de marzo de 2011 la Oficina del Procurador General cursó al querellado dos requerimientos certificados con acuse de recibo en los cuales se le solicitó que respondiera a las alegaciones presentadas en su contra.[4] En respuesta a los mismos, el 25 de marzo de 2011 el licenciado Irizarry solicitó que se le concediera hasta el 6 de abril de 2011 para responder a la queja. Así las cosas, el 5 de abril de 2011, el querellado presentó su respuesta. En la misma reconoció su falta y expresó que estaba dispuesto a reunirse con la Procuradora General Auxiliar y con la quejosa en aras de encontrar una solución razonable para

---

[3] La misma tiene fecha del 15 de marzo de 2009.

[4] La carta que se le envió el 7 de diciembre de 2010 le concedía al señor Irizarry cinco días para someter su posición en torno a las alegaciones de la quejosa. Al no responder ese requerimiento, el 16 de marzo de 2011 la Oficina del Procurador General concedió un término de tres días adicionales para ofrecer su versión.

reparar el perjuicio causado. El 17 de mayo de 2011, la Oficina del Procurador General le informó al licenciado Irizarry que él tenía que comunicarse directamente con la quejosa, sin la intervención de esa oficina, para buscar una solución razonable.[5]

La Oficina del Procurador General envió dos requerimientos adicionales al querellado para que comunicara el resultado de la gestión que le fue encomendada.[6] Al no contestar esos requerimientos, el 1 de diciembre de 2011 la Oficina del Procurador General nos sometió un *Informe* donde indicó que el letrado no había contestado los requerimientos emitidos por su Oficina.

Examinado el *Informe del Procurador General*, emitimos una Resolución donde puntualizamos que el licenciado Irizarry debía comparecer dentro de un término de 10 días ante la Oficina del Procurador General a responder los requerimientos cursados por esta.[7] Además, le ordenamos exponer las razones por las cuales no debía ser disciplinado por no contestar los requerimientos de esa Oficina. **Le apercibimos, también, que el incumplimiento con esa Resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.**

---

[5] Se le concedieron 20 días a partir del recibo de la misma para comunicarse con la señora Rodríguez.
[6] El primero de los requerimientos se emitió el 8 de septiembre de 2011 y fue recibido el 9 de septiembre del mismo año. El segundo de los requerimientos se emitió el 5 de octubre de 2011 y fue recibido el 7 de octubre de 2011 por el licenciado Irizarry.
[7] Véase, Resolución de 29 de diciembre de 2011.

El 20 de enero de 2012, el querellante nos expresó que recibió el *Informe del Procurador General* en torno a la queja presentada por la señora Rodríguez.[8] Indicó además, que se reunió con la querellada y que le pidió excusas por su falta de diligencia. El licenciado Irizarry hizo el compromiso de comparecer ante la Oficina del Procurador General para la continuación del proceso con el fin de encontrar un remedio a la situación. Incluyó una misiva en la que indicó que le haría llegar a esa oficina una minuta sobre la reunión y los acuerdos a los que llegó con la quejosa.

Por su parte, al no recibir comunicación ulterior del licenciado Irizarry, el 15 de octubre de 2012 la Oficina del Procurador General le envió carta certificada con acuse de recibo al querellado para que este le informara dentro del término de 15 días los acuerdos a los que había llegado con la quejosa y para que le remitiera copia de la minuta de la mencionada reunión. En la misma fecha se le envió una comunicación a la señora Rodríguez donde se le requirió que informara los acuerdos a los que había llegado con el querellado, si este le había pagado alguna cantidad de dinero y si se había instado nuevamente el caso por daños y perjuicios.[9]

---

[8] Véase, *Moción en Cumplimiento* de 20 de enero de 2012.

[9] El 19 de enero de 2012 la quejosa ya había informado a la Oficina del Procurador General que no había llegado a un acuerdo final con el letrado porque este perdió el expediente del caso. Indicó además, que el licenciado Irizarry le solicitó autorización para conseguir el expediente médico. Así, podría analizar la cantidad de dinero que acordaría para los daños y angustias emocionales sufridos por la señora Rodríguez. Al transcurrir ocho meses sin respuesta ulterior, la

El 22 de octubre de 2012, la señora Rodríguez informó a la Oficina del Procurador General que desde el 10 de enero de 2012 no había tenido comunicación con el licenciado Irizarry. Además, ratificó su interés de que este asunto se resuelva. Así las cosas, el 8 de noviembre de 2012 la Oficina del Procurador General cursó el cuarto requerimiento al letrado mediante carta certificada con acuse de recibo para que en el término de 10 días informara los acuerdos a los que había llegado con la quejosa. **Nuevamente se le requirió que entregara copia de la minuta de la reunión que tuvo con la señora Rodríguez el 10 de enero de 2012.**

Así las cosas, el 5 de febrero de 2013 la Oficina del Procurador General compareció ante este Tribunal en un *Segundo informe de incomparecencia.* Examinado el mismo, ordenamos al licenciado Irizarry a que en un término final e improrrogable de 30 días cumpliera con los requerimientos de la Oficina del Procurador General sobre la queja presentada por la señora Rodríguez.[10] Nuevamente le apercibimos que el incumplir con nuestra orden, sería causa suficiente para imponerle severas sanciones disciplinarias, incluyendo la separación inmediata del ejercicio de la abogacía.

Finalmente, la Procuradora General nos informó en dos ocasiones que el licenciado Irizarry no había comparecido,

---

Oficina del Procurador General le envió esta carta a la señora Rodríguez.
[10] Véase, Resolución de 21 de marzo de 2013.

a pesar de que así se lo ordenamos en la Resolución mencionada.[11]

En consideración a estos antecedentes fácticos y con el beneficio de la comparecencia de la Oficina del Procurador General, procedemos a enunciar los fundamentos que atienden la conducta del querellado y la procedente sanción.

**II**

Reiteradamente hemos señalado que el apartarse de cumplir con los deberes que imponen la ley y el ordenamiento ético acarrea imposiciones de sanciones disciplinarias. In re Asencio Márquez, 183 D.P.R. 659, 664 (2011). Esto cobra mayor significado cuando esas faltas se cometen durante la consecución de un proceso disciplinario contra un miembro de la profesión togada. In re Buono Colón, 187 D.P.R. 379, 382 (2012).

El Canon 9 de Ética Profesional, supra, dispone que: "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto…" En ese contexto, hemos enunciado que es la obligación de todo letrado responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, particularmente aquellos relacionados con los procedimientos disciplinarios sobre su conducta profesional. In re Fidalgo Córdova, 183 D.P.R. 217, 222

_____

[11] Véase, *Moción informativa de la Procuradora General* de 22 de julio de 2013. Véase además, la *Segunda moción informativa de la Procuradora General por el incumplimiento de orden del Lcdo. Anselmo Irizarry Irizarry* de 5 de diciembre de 2013.

(2011); In re Fontón la Fontaine, 182 D.P.R. 934, 935 (2011). Además, hemos expresado que cuando los abogados no cumplen con las órdenes de este Tribunal demuestran menosprecio hacia nuestra autoridad, infringiendo, de ese modo, las disposiciones del Canon 9. In re Massanet Rodríguez, 2013 T.S.P.R. 80.

Al interpretar el Canon 9, supra, hemos expresado que la naturaleza de la función de abogado requiere que este emplee estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluyendo la Oficina del Procurador General. In re García Ortiz, 187 D.P.R. 507, 524 (2012); In re Irizarry Maldonado, 172 D.P.R. 306, 307 (2007). Reiteradamente, hemos sido enfáticos al indicar que desatender nuestros dictámenes constituye un serio agravio a la autoridad de los tribunales y una infracción al Canon 9 de Ética Profesional, supra. In re Fidalgo Córdova, supra.

Por otro lado, la naturaleza de la función de abogado requiere que los abogados presten atención minuciosa, diligencia y cumplimiento de las órdenes del tribunal, en particular cuando se trata de procedimientos relativos a la conducta profesional. In re Ruiz Hernández, 177 D.P.R. 963, 965 (2010); In re Cuevas Velázquez, 174 D.P.R. 433, 440 (2008**). Los abogados están obligados a responder con premura y diligencia los requerimientos relacionados con quejas por conducta profesional. De no hacerlo, podrían**

**enfrentar sanciones disciplinarias serias**. In re García Ortiz, supra. El incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituyen causa suficiente para la suspensión inmediata de los abogados. In re Toro Soto, 181 D.P.R. 654, 660 (2011); In re Martínez Sotomayor, 181 D.P.R. 1 (2011).

Es menester aclarar que la referida obligación es independiente a los méritos de la queja presentada en contra del letrado. In re García Ortiz, supra; In re Rosado Cruz, 176 D.P.R. 1012 (2009). Sin embargo, constantemente hemos enfrentado situaciones en las que un sinnúmero de abogados incumplen con las órdenes de este Tribunal y de los organismos encargados de investigar las posibles violaciones a las normas que rigen nuestra profesión. In re Arroyo Rivera, 182 D.P.R. 732, 736 (2011); In re Asencio Márquez, supra.

De otra parte, en In re López Bocanegra, 183 D.P.R. 224 (2011), puntualizamos que el incumplimiento con los requerimientos de la Oficina del Procurador General es igual de reprochable y acarrea las mismas sanciones que desatender las órdenes de este Tribunal. In re Lasalle Pérez, 153 D.P.R. 368 (2011); In re Arzón Rivera, 175 D.P.R. 763 (2009). Asimismo, hemos afirmado que desatender las comunicaciones relacionadas a procedimientos disciplinarios tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende

una orden emitida directamente por el tribunal. <u>In re Ríos Acosta I</u>, 143 D.P.R. 128, 135 (1997).

Hemos reiterado en varias ocasiones que la indebida, irrazonable e inexcusable tardanza de un abogado en formular su contestación a una querella constituye una falta de respeto hacia los procedimientos del tribunal. <u>In re García Ortiz</u>, supra; <u>In re Vargas Soto</u>, 146 D.P.R. 55 (1998). Así pues, un abogado actúa en contravención al Canon 9, <u>supra</u>, si no responde a nuestras órdenes y resoluciones relacionadas con la jurisdicción disciplinaria. <u>In re Rodríguez Bigas</u>, 172 D.P.R. 345 (2007).

Luego de exponer el marco ético que antecede, pasemos a discutir si el querellado infringió las disposiciones del Canon 9 del Código de Ética Profesional, <u>supra</u>.

### III

Como se puede apreciar, este Tribunal y la Oficina del Procurador General hicieron unos requerimientos y órdenes al licenciado Irizarry. Empero, este no cumplió con los mismos.

Hemos reiterado en un sinnúmero de ocasiones que las faltas éticas no deben atenderse livianamente. La normativa ética exige que los miembros de la profesión respondan prontamente a cualquier requerimiento relacionado a un proceso disciplinario. Es por ello que colegimos que el querellado debió demostrar genuino interés en cuanto a este asunto.

En el caso de autos, el letrado incumplió con su deber de responder oportunamente a los requerimientos de la Oficina del Procurador General y de este Tribunal. La Oficina del Procurador General lleva más de dos años solicitándole al licenciado Irizarry que comparezca para atender la situación presentada por la quejosa. Empero, este ha hecho caso omiso a ello. El expediente de la querella que atendemos refleja un patrón de desidia y desinterés por parte del querellado en cuanto al proceso disciplinario que se inició en su contra. Es decir, durante este proceso su actitud de indiferencia ha sido notable.

En In re Pagán Pagán, 2012 T.S.P.R. 13, citando a In re: Escalona Colón, 149 D.P.R. 900, 901 (2000), indicamos que:

> El desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Implica indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este Foro.

La actitud del licenciado Irizarry demuestra un grave menosprecio a las órdenes de este Tribunal. Es sorprendente que personas que han obtenido sus títulos académicos y profesionales luego de muchos años de estudios y múltiples sacrificios, sean suspendidos por su incumplimiento en contestar las órdenes de este Tribunal. Su actitud demuestra un menosprecio por lo que representa el título de abogado y el certificado que le entregó este Tribunal para

ejercer la abogacía. <u>In re Buono Colón</u>, supra, págs. 383-384.

Como hemos visto, un abogado que no contesta los requerimientos de este Tribunal demuestra dejadez, indiferencia y falta de diligencia. Consecuentemente, colegimos que el licenciado Irizarry no respetó los postulados contenidos en el Cánon 9 de Ética Profesional, <u>supra</u>.

## IV

Por los fundamentos que anteceden, concluimos que el licenciado Irizarry infringió el Canon 9 del Código de Ética Profesional, <u>supra</u>, al provocar dilaciones injustificadas en el presente proceso disciplinario. Su conducta durante este procedimiento, ignorando las órdenes emitidas por este Tribunal, constituye una afrenta a las normas éticas que rigen la profesión jurídica en Puerto Rico. Por ello, lo suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría.

En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. El

cumplimiento con estos deberes será notificado también a la Procuradora General.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Irizarry y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

    Anselmo Irizarry Irizarry


AB-2011-0408


SENTENCIA


En San Juan, Puerto Rico, a 21 de febrero de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría al Lcdo. Anselmo Irizarry Irizarry a partir de la notificación de esta Sentencia.

El abogado tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a estos los expedientes de los casos pendientes, así como los honorarios recibidos por trabajo no rendido.

Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro de un término de treinta (30) días. Asimismo, tiene el deber de informar de inmediato su suspensión a los foros judiciales y administrativos.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Irizarry Irizarry y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Fiol Matta no intervino. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Feliberti Cintrón no intervienen.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo