EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>Joel E. Reyes Martínez | 2016 TSPR 155<br><br>195 DPR ____ |
| --- | --- |

Número del Caso: AB-2011-138


Fecha: 29 de junio de 2016


Abogados del Promovido:

      Lcdo. Virgilio Mainardi Peralta
      Lcdo. José Ángel Rivera-Rodríguez


Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Tanaira Padilla Rodríguez
      Subprocuradora General

      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Yaizamarie Lugo Fontanez
      Procuradora General Auxiliar




Materia: La suspensión será efectiva el 1ro de julio de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Joel E. Reyes Martínez                    AB-2011-138

PER CURIAM

San Juan, Puerto Rico, a 29 de junio de 2016.

Es doctrina firmemente establecida que este Tribunal no vacilará en disciplinar a los miembros de la profesión jurídica que incumplan con nuestras órdenes y requerimientos. A pesar de ello, nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria contra un abogado por su incumplimiento con las obligaciones ante este Tribunal.

**I**

El Lcdo. Joel E. Reyes Martínez (licenciado Reyes Martínez) fue admitido al ejercicio de la abogacía el 18 de agosto de 2009. El 13 de mayo de 2011 el Sr. Morgan Paz Cruz (señor Paz Cruz)

presentó una queja contra el licenciado Reyes Martínez. Sostuvo que contrató los servicios del abogado por $2,500 para que lo representara en un caso de violencia doméstica. Señaló que adelantó $500 de la suma acordada. Asimismo, indicó que luego de cobrar ese dinero, el letrado no compareció a los procedimientos pautados, no realizó las gestiones encomendadas y le indicó que no tenía tiempo para atender su caso, ya que tenía otros asuntos más importantes. El señor Paz Cruz alegó que hizo un plan de pago que no pudo cumplir por falta de trabajo, y que por ello el licenciado Reyes Martínez le manifestó que no le interesaba continuar como su representante legal.

El licenciado Reyes Martínez solicitó una prórroga para contestar la queja presentada. Transcurrido el término provisto, se le concedió un término adicional. Tampoco cumplió con el referido término. Así las cosas, emitimos la Resolución del 10 de enero de 2013 concediéndole un término final y le advertimos que su incumplimiento podía conllevar sanciones disciplinarias severas, incluyendo la suspensión de la profesión.

Finalmente, el letrado contestó la queja presentada. Aceptó que fue contratado por el señor Paz Cruz y que recibió un abono de $500 por los servicios. Indicó que en varias ocasiones intentó comunicarse con su representado sin éxito. Además, expresó que en ningún momento se negó a representarlo por el incumplimiento con el acuerdo de pago y tampoco desatendió sus obligaciones.

Posteriormente, el 16 de junio de 2014, la Oficina de la Procuradora General (Procuradora General) presentó el *Informe de la Procuradora General*.[1] De éste, se desprende que el licenciado Reyes Martínez no compareció a dos citaciones de vista preliminar de su representado.[2] Empero, éste alegó que informó al tribunal y que la razón para la incomparecencia se debió a un conflicto de calendario. La Procuradora General señala que del expediente criminal no surge gestión alguna de parte del letrado a favor de su cliente que no fuera la cancelación de las dos vistas preliminares y una solicitud de renuncia de representación legal, por lo que éste estaba obligado a devolver el dinero adelantado de inmediato. A su vez, destaca que el licenciado Reyes Martínez está en la mejor disposición de devolver la cantidad que le fue adelantada, aunque no reconoce que cometió las faltas éticas. Ante ello, la Procuradora General recomendó el archivo de la queja, una vez el abogado acredite que devolvió el dinero recibido del señor Paz Cruz.

Considerando lo expuesto, este Tribunal emitió la Resolución del 25 de septiembre de 2014 en la que ordenó al licenciado Reyes Martínez devolverle al señor Paz Cruz

---

[1] El retraso en someter el informe se debió a que el licenciado no contestó a tiempo una serie de requerimientos que hizo la Oficina de la Procuradora General.

[2] El caso criminal culminó con una alegación de culpabilidad y se reclasificó el delito a uno menos grave. En ese momento, el quejoso fue representado por la Lcda. Marta Aponte Rabassa de la Sociedad para Asistencia Legal.

la suma de $500 recibidos como adelanto en el término de treinta días y, a su vez, debía acreditar el cumplimiento con lo ordenado. Asimismo, dispusimos del archivo del asunto condicionado a la devolución de la cantidad referida.

A pesar de que en la Resolución emitida le apercibimos de su deber de cumplir con diligencia nuestras órdenes, el 4 de junio de 2015, la Procuradora General compareció mediante *Moción Informativa y en Solicitud de Remedio*, en la cual nos informó que el licenciado Reyes Martínez no había cumplido con lo ordenado.

En consecuencia, emitimos una Resolución el 26 de junio de 2015 concediéndole un término para que mostrara causa por la cual no debíamos suspenderlo de la abogacía por incumplir con nuestra orden del 25 de septiembre de 2014. Le apercibimos nuevamente que su incumplimiento conllevaría una sanción disciplinaria severa que podría consistir en la suspensión del ejercicio de la abogacía.

El licenciado Reyes Martínez presentó el 5 de agosto de 2015 una *Moción Informativa y en Cumplimiento de Orden* en la que expuso que hizo múltiples gestiones para encontrar al señor Paz Cruz, pero que éstas fueron infructuosas. De igual forma, nos expuso que advino en conocimiento que el señor Paz Cruz se encuentra recluido en prisión. Ante tal realidad, señaló que estaba en la disposición de consignar el dinero ante este Tribunal.

Acorde con lo informado, emitimos la Resolución del 13 de mayo de 2016, notificada personalmente el 17 de mayo de

2016, ordenando al licenciado Reyes Martínez consignar ante este Tribunal, en el término de treinta días, la cantidad de $500 a favor del Secretario del Tribunal, mediante giro postal o cheque de gerente. Advertimos que el beneficiario de esos fondos lo sería el señor Paz Cruz. Asimismo, le ordenamos continuar realizando gestiones para localizarlo y mantenernos informados. Empero, el licenciado Reyes Martínez no ha cumplido con lo dispuesto.

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, requiere que todo abogado observe una conducta de respeto y diligencia hacia los tribunales. Es la obligación de todo letrado responder diligente y oportunamente a los requerimientos y órdenes de este Tribunal, particularmente aquellos relacionados con los procedimientos disciplinarios sobre su conducta profesional. *In re* Colón Cordovés, res. el 16 de mayo de 2016 2016 TSPR 94, 195 DPR ___ (2016); *In re* Santiago Rodríguez, res. el 7 de marzo de 2016, 2016 TSPR 43, 194 DPR ___ (2016); *In re* Fidalgo Córdova, 183 DPR 217, 222 (2011); *In re* Fontán la Fontaine, 182 DPR 931, 935 (2011); *In re* García Incera, 177 DPR 329 (2009).

Cuando un miembro de la profesión legal incumple con nuestras órdenes y demuestra indiferencia a nuestros apercibimientos sobre sanciones disciplinarias, incurre en conducta suficiente para su suspensión inmediata. *In re* Toro Soto, 181 DPR 654, 660 (2011); *In re* Martínez Sotomayor, 181 DPR 1, 3-4 (2011); *In re* Tió Fernández, 178

DPR 681, 682-683 (2010); *In re* López de Victoria Brás, 177 DPR 888, 891 (2010). Es norma reiterada que constituye un serio agravio a la autoridad de los tribunales desatender las órdenes de este Tribunal y que tal conducta infringe el Canon 9. *In re* Fidalgo Córdova, *supra*; *In re* Fontanéz Fontanéz, 181 DPR 407, 416 (2011); *In re* García Incera, *supra*.

Conforme a la norma jurídica enunciada, procedemos a atender el asunto ante nuestra consideración.

## III

Según los hechos relatados, el licenciado Reyes Martínez no ha consignado la suma de $500 ante este Tribunal, según le fuera requerido mediante la Resolución del 13 de mayo de 2016. Mucho menos, ha notificado cualesquiera gestiones que haya realizado para localizar al señor Paz Cruz. Ello, en clara contravención al mandato de este Tribunal. Con tal displicencia, el letrado simplemente ignoró nuestros apercibimientos de que su incumplimiento podría conllevar su suspensión de la abogacía.

La conducta desplegada denota que el letrado atendió livianamente nuestros requerimientos. Con su proceder, se constituyó una afrenta a este Tribunal que requiere que ejerzamos nuestro poder inherente de regular la profesión y lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía.

## IV

A tenor con lo expuesto, suspendemos inmediata e

indefinidamente del ejercicio de la abogacía al Lcdo. Joel E. Reyes Martínez.

Por consiguiente, se le impone al señor Reyes Martínez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Joel E. Reyes Martínez por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Joel E. Reyes Martínez                    AB-2011-138

SENTENCIA

San Juan, Puerto Rico, a 29 de junio de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía al Lcdo. Joel E. Reyes Martínez. Por consiguiente, se le impone al señor Reyes Martínez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Joel E. Reyes Martínez por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Joel E. Reyes Martínez

AB-2011-138

RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de julio de 2016.

Evaluada la *Moción Urgentísima Solicitando Reconsideración* de 1 de julio de 2016, así como *la Urgente Moción Suplementaria Informando Gestiones* de 8 de julio de 2016, se reconsidera la suspensión del ejercicio de la abogacía del Sr. Joel E. Reyes Martínez de una inmediata e indefinida a una suspensión por el término de un (1) mes.

Además, deberá acreditar a este Tribunal su cumplimiento con la Sentencia emitida el 29 de junio de 2016.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo Interina.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina